PEOPLE v GANT

1. Criminal Law—Constitutional Law—Interrogation—Right to Remain Silent.

A defendant's silence in the face of interrogation or accusational remarks may not be used against him at trial, nor may the defendant's silence be used to impeach the defendant who testifies for himself at trial.

2. Criminal Law—Constitutional Law—Right to Remain Silent—Investigatory Questioning—Voluntary Statements—Waiver of Rights.

The rule against using silence as evidence is designed to protect a defendant's Fifth Amendment right to remain silent; however, where the defendant has made a statement voluntarily, or in response to police investigatory questioning, he has waived his right to remain silent (US Const, Am V).

Appeal from Kent, Roman J. Snow, J. Submitted Division 3 June 3, 1974, at Grand Rapids. (Docket No. 17209.) Decided September 12, 1974.

Leonard Gant was convicted of larceny from the person. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *Donald A. Johnston, III,* Chief Appellate Attorney, for the people.

*James S. Brady,* for defendant on appeal.

Before: Holbrook, P. J., and T. M. Burns and R. L. Smith,* JJ.

Reference for Points in Headnotes

[1, 2] 21 Am Jur 2d, Criminal Law § 218 *et seq.*

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Per Curiam. On March 8, 1973, defendant was convicted of larceny from a person, MCLA 750.357; MSA 28.589, in a jury trial. On April 12, 1973, the court sentenced defendant to imprisonment for 2 to 10 years, with appropriate jail time credit. Defendant appeals his conviction as of right.

On September 2, 1972, one Harry Ignatowski was eating in a restaurant in Grand Rapids. When he went to pay his bill, he felt a tug at his back pocket and was robbed of some papers and money. Harry was unable to identify the thief.

Grand Rapids police officer Frederick LaMaire was parked near the restaurant. While there he observed a man he identified as the defendant hurriedly leave the restaurant. The officer then heard a commotion at the restaurant. Officer LaMaire thereupon followed defendant. At one point he saw something drop from defendant's hand. LaMaire stopped defendant and asked what happened at the restaurant. The defendant replied "nothing I know of". Defendant was then placed in the police cruiser, and both defendant and the officer returned to the restaurant, where the victim and a waitress told LaMaire what had happened. Officer LaMaire then returned to the spot at which he had seen something fall from defendant's hands and found papers belonging to Mr. Ignatowski as well as some money which also belonged to him. LaMaire testified that he had seen no one besides defendant at that location at that time. Defendant was thereupon arrested.

Defendant testified that he was in the restaurant and saw Harry attacked. He offered aid to Harry but was refused, so he went back and ate several hamburgers. On his way home after leaving the restaurant, Officer LaMaire stopped him and asked what had happened and defendant

"talked about it" and they went back to the restaurant. On cross-examination the following occurred:

*"Q. [Mr. Kamm, assistant prosecuting attorney]:* You had some conversation with Officer LaMaire?

*"A.* Yes.

*"Q.* What was that conversation?

*"A.* Concerning where I was going and everything like that.

*"Q.* You said you were going home?

*"A.* Yes.

*"Q.* Was there any conversation about Chris's Restaurant?

*"A.* Yes.

*"Q.* What was it?

*"A.* He related there was some kind of disturbance as far as he could tell and had I had any part in it or what happened.

*"Q.* What did you say?

*"A.* I told him nothing as far as I know.

*"Q.* You did not, at that time, tell him a man had been rolled before your very eyes?

*"A.* No, I didn't.

*"Q.* Why?

*"A.* Because the man and waitress didn't seem very concerned so I wasn't."

Defendant raises one issue on appeal: Did defendant express a desire to remain silent during interrogation by Officer LaMaire, and was this silence improperly testified to at trial?

Defendant asserts that his silence following the officer's question, "What happened at the restaurant?", was improperly testified to, citing *People v Bobo,* 390 Mich 355; 212 NW2d 190 (1973).

A defendant's silence in the face of interrogation or accusatorial remarks may not be used against

him at trial. Furthermore, it matters not whether the defendant objects to testimony concerning his silence or not. *People v Dunn,* 46 Mich App 226; 208 NW2d 239 (1973); *People v Miller,* 49 Mich App 53; 211 NW2d 242 (1973). Nor may the defendant's silence be used to impeach the defendant who testifies for himself at trial. *Bobo, supra.*

In the present case, however, no testimony concerning defendant's silence was offered. Instead, both the officer on direct and defendant on cross-examination testified that defendant stated nothing had happened at the restuarant. This is not silence, but rather a statement. The rule against using silence as evidence is designed to protect a defendant's Fifth Amendment right to remain silent. Where, however, he makes a statement voluntarily, or in response to police investigatory questioning, he has essentially waived his right to remain silent. Since defendant was not under arrest when he made the statement "nothing happened" (indeed, it is unlikely that he could have been arrested at that time), *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966), is inapplicable. The statement was therefore properly testified to as non-custodial investigatory questioning. *People v Herman Jackson,* 37 Mich App 664; 195 NW2d 312 (1972). Nor is the prosecutor's question that defendant didn't tell the officer what defendant told on the stand improper, since such a question is always applicable where a defendant's testimony conflicts with prior out-of-court statements. *Harris v New York,* 401 US 222; 91 S Ct 643; 28 L Ed 2d 1 (1971).

We conclude that *Bobo* and the other cases cited for defendant's position are inapplicable.

Affirmed.