PEOPLE v STREETMAN

1. CRIMINAL LAW—EVIDENCE—OTHER OFFENSES—ADMISSIBILITY.

   Evidence tending to show the commission of other criminal offenses by a defendant is inadmissible on the issue of his guilt or innocence of the offense charged.

2. CRIMINAL LAW—EVIDENCE—OTHER OFFENSES—MOTIVE—INTENT—SCHEME—LIKE ACTS—STATUTES.

   Evidence of a criminal defendant's independent acts may be admitted, not as substantive proof of guilt, but for the purpose of showing motive, intent, absence of mistake or accident, or a scheme, plan or system in doing an act; such an independent act is not required to be an identical act, but need only be a "like act" (MCLA 768.27).

3. CRIMINAL LAW—EVIDENCE—INSTRUCTIONS TO JURY—PRIOR OFFENSES—PURPOSE FOR EVIDENCE.

   In the absence of request or proper objection, there is no absolute requirement that a trial judge give an instruction on the limited purpose for which evidence of a prior offense was admitted.

4. STATUTES—COURTS—DISTRICT COURTS—JURISDICTION—CONSTITUTIONAL LAW.

   The district court act which provides that court with jurisdiction to bind over felons to circuit court for trial does not violate the title-body clause of the Constitution which provides that no law

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 29 Am Jur 2d, Evidence §§ 320, 321, 333.

   Admissibility, at trial in criminal case, of evidence of defendant's acts other than those charged—Supreme Court cases. 93 L Ed 185.

   Admissibility of evidence as to other offense as affected by defendant's acquittal of that offense. 86 ALR2d 1132.

   Admissibility in criminal case of evidence relevant to the crime charged, as affected by incidental disclosure of another crime by defendant. 170 ALR 306.

[2] 29 Am Jur 2d, Evidence § 298 *et seq.*

[3] 75 Am Jur 2d, Trial § 747.

[4] 73 Am Jur 2d, Statutes § 119.

shall embrace more than one object, which shall be expressed
in its title (Const 1963, art 4, § 24; MCLA 600.8311).

Appeal from Cass, James E. Hoff, J. Submitted
Division 3 January 6, 1975, at Grand Rapids.
(Docket No. 18106.) Decided February 24, 1975.
Leave to appeal denied, 394 Mich 798.

Bobby G. Streetman was convicted of embezzle-
ment. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Michael E. Dodge,*
Prosecuting Attorney (Prosecuting Attorneys Ap-
pellate Service, *Edward R. Wilson,* Director, by
*Aloysius J. Lynch,* Special Assistant Attorney Gen-
eral, of counsel), for the people.

*John A. Lydick,* Assistant State Appellate De-
fender, for defendant.

Before: V. J. BRENNAN, P. J., and J. H. GILLIS
and D. E. HOLBROOK, JR., JJ.

J. H. GILLIS, J. Defendant was charged with
embezzlement in violation of MCLA 750.174; MSA
28.371. He had a jury trial in the circuit court for
Cass County, was found guilty and sentenced to
serve two to ten years. He appeals as of right.

Defendant raises six issues on appeal and we
deem it necessary to consider only two of these,
the others not being of substance.

At trial, Francis McClane, former president of
Ledgerwood Mobile Homes, Inc., of Edwardsburg,
Michigan, testified that he hired defendant on
June 29, 1972 to haul a mobile home from the
Ledgerwood plant to a buyer in Butte, Montana.
McClane said that although the buyer accepted
delivery of the mobile home on July 4, 1972 and
paid defendant $3,645.70 cash therefor, defendant

returned from Montana on or about July 7, 1972 without the cash or defendant's truck. Defendant told McClane that the money and defendant's truck had burned up in a fire on the highway near Dell, Montana. McClane testified that defendant had no permission to retain the money in question.

Although defendant told several of the witnesses about the fire, there was no independent evidence that it ever occurred. Further, two prosecution witnesses—a State Police Fire Marshal and a* service mechanic—each stated that there was no evidence of fire damage after having examined defendant's truck.

Defendant took the stand and testified in his own behalf, recounting how the money, which was in a cardboard suitcase in the cab of the truck, burned up when the truck caught fire. During his cross-examination, the prosecutor asked the defendant if he had ever sold a mobile home to a Beatrice Price in Florida. Defendant denied doing so but acknowledged that he had heard of her and that he was presently paying her for a trailer which she never received.

Defendant contends that the trial court committed reversible error in permitting the prosecutor to question the defendant about this prior misconduct, and to refer to it in his closing argument.

It is the general rule that evidence tending to show the commission of other criminal offenses by the defendant is inadmissible on the issue of his guilt or innocence of the offense charged. *People v Der Martzex,* 390 Mich 410; 213 NW2d 97 (1973).

There is a statutory exception to this rule, however. Under this exception, evidence of independent acts may be admitted, not as substantive proof of guilt, but for the purpose of showing 1) motive, 2) intent, 3) absence of mistake or acci-

dent, or 4) a scheme, plan or system in doing an act. MCLA 768.27; MSA 28.1050.

In this case defendant testified that the money in question was destroyed in an accidental fire. Thus, the use of evidence of a prior similar act was particularly appropriate to support the conclusion that the defendant did indeed have the intent to embezzle the funds in question and that there had been no accidental truck fire.

Defendant contends that the act in question was not sufficiently similar to come under the statutory exception. However, the statute does not require identical acts, only "like acts". MCLA 768.27; MSA 28.1050. In *People v Crawford,* 218 Mich 125; 187 NW 522 (1922), for example, the cashier of a bank was prosecuted for embezzling $2,000 from the bank. He was charged with taking two certificates of deposit which were delivered to the bank by a customer in payment of a note, and crediting the payment to his account and the account of a third party. At trial, evidence of three other similar acts was admitted, even though these acts involved three different methods of converting the bank's funds to his own use, none of them identical with the offense charged. The Supreme Court of Michigan affirmed, finding that "those transactions though not identical were similar to the one charged in the entries and manipulation of funds tending to indicate misapplication of assets of the bank". 218 Mich 125, 137; 187 NW 522, 526.

Defendant also assigns as error that no instruction was given limiting the purpose for which evidence of a prior offense was admitted. However, defendant never requested a cautionary instruction, nor did he object to the instructions as given. In the absence of request or proper objection, there is no absolute requirement that the trial judge

give limiting instructions. *People v Chism,* 390 Mich 104; 211 NW2d 193 (1973).

We hold, therefore, that the trial judge did not err in admitting evidence of a prior similar act. Nor was it reversible error to fail to instruct the jury on the limited purpose for which the evidence was admitted, where, as here, there was no request for such instruction and no objection to the failure to instruct.

By way of a supplemental brief, defendant also argued that the district court lacked jurisdiction to conduct the preliminary examination because 1968 PA 154, creating the district court and providing it with jurisdiction to bind over felons, violates Const 1963, art 4, § 24, the title-body clause. This identical issue has recently been considered by the Michigan Supreme Court, and decided adversely to defendant's position. See *People v Milton,* 393 Mich 234; 224 NW2d 266 (1974).

Affirmed.