PEOPLE v HUNT

1. CRIMINAL LAW—CONSTITUTIONAL LAW—RIGHT TO REMAIN SILENT.

Reversal of a defendant's conviction is required if testimony is elicited at trial that the defendant remained silent at the time of his arrest; but if testimony is elicited that the defendant stated he did not remember where he had been on the date in question, that testimony is admissible, because the defendant's constitutional right to remain silent is not involved.

2. CRIMINAL LAW—EVIDENCE—HEARSAY—OBJECTIONS—PRESERVING QUESTION.

The issue of the admission into evidence of hearsay testimony is not preserved for appellate review where no objection to the hearsay testimony was made at the trial.

3. CRIMINAL LAW—PROSECUTORS—IMPROPER REMARKS—OBJECTIONS—PRESERVING QUESTION—CURATIVE INSTRUCTIONS.

A defendant's failure to object to improper remarks made by the prosecutor during closing argument precludes appellate review unless an objection and appropriate curative instruction could not have eliminated the prejudice arising from the prosecutor's statements.

4. CRIMINAL LAW—PROSECUTORS—IMPROPER REMARKS—PREJUDICE—CURATIVE INSTRUCTIONS.

A criminal defendant is entitled to a new trial because of prosecutorial misconduct where the prosecutor, in his closing argument, vouched for the guilt of the defendant, denigrated the role of defense counsel, and made improper remarks about the alibi defense and the alibi witnesses; even though these remarks were not objected to, a new trial should be ordered where the Court of Appeals is persuaded that the prejudicial impact could not have been cured by an instruction.

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence § 368 *et seq.*

[2] 30 Am Jur 2d, Evidence §§ 494, 1103.

[3, 4] 75 Am Jur 2d, Trial § 192.

Appeal from Recorder's Court of Detroit, Joseph E. Maher, J. Submitted February 10, 1976, at Detroit. (Docket No. 23130.) Decided March 24, 1976.

Bennie Hunt was convicted of armed robbery. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, and *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, for the people.

*Philip M. Sallen,* for defendant on appeal.

Before: M. F. CAVANAGH, P. J., and R. B. BURNS and F. C. ZIEM,* JJ.

M. F. CAVANAGH, P. J. Defendant was convicted by a jury of armed robbery, MCLA 750.529; MSA 28.797, and sentenced to 7-1/2 to 15 years in prison. He appeals of right.

The case against defendant was based primarily upon the identification testimony of three witnesses, all employees of the credit union. The first witness, the teller who was actually robbed, identified defendant in court as the assailant, although she had been unable to identify him in a pretrial lineup. The other two witnesses identified defendant in court as having been in the credit union on the afternoon of the robbery. Both had identified defendant in a lineup. Neither saw defendant rob anyone.

The defense was alibi. The robbery took place between 4 and 5 p.m. Defendant testified that he worked until 3:30 and that he then went fishing

---

* Circuit judge, sitting on the Court of Appeals by assignment.

until after 6 p.m. Defendant's testimony was supported by three witnesses, all of whom stated that they were fishing with defendant during that time.

On appeal defendant raises four issues. First, defendant argues that on direct examination of the arresting officer the prosecutor elicited testimony concerning defendant's silence at the time of his arrest. If that were so, reversal would be required. *People v Bobo,* 390 Mich 355; 212 NW2d 190 (1973). Here, however, defendant did not remain silent. After he had been given his *Miranda*[1] warnings, in response to the officer's question, defendant stated that he did not remember where he had been on the date in question. It was this statement that the officer testified to. Defendant's constitutional right to remain silent was not involved, since defendant did make a statement. *People v Bobo, supra,* is inapposite.

Defendant also claims that the admission of a police officer's testimony regarding the nature and quality of the pretrial identification was reversible error. The police officer's testimony was hearsay and inadmissible. *People v Poe,* 388 Mich 611; 202 NW2d 320 (1972). However, defendant failed to object at trial to this evidentiary error. No objection was made to the questions nor to the hearsay testimony complained of here, although an objection was successfully made to a later question. Since no objection was raised to the admission of the hearsay testimony, the issue of its admission was not preserved for review. *People v Buero,* 59 Mich App 670; 229 NW2d 880 (1975), *People v Coppernol,* 59 Mich App 745; 229 NW2d 913 (1975).

The prosecutor's remarks in closing argument

---

[1] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 684; 10 ALR3d 974 (1966).

are the basis for defendant's next issue. In final argument the prosecutor vouched for defendant's guilt:

"Now, let me say this; that the evidence and the facts that were brought before you in my investigatory task of this state is a task that came to that witness stand, did not indicate that this defendant was guilty, that the evidence that came out didn't indicate his guilt; we would have dismissed this case. We have a lot of discretion and authority. If the evidence is not there, we dismiss the case. Mr. Cahalan is allowed to do that. He knows that we are trial lawyers. He can't possibly oversee every case that comes into Wayne County. When a prosecutor is assigned to a case; that's his case. He decides what to do. And I can't speak for every prosecutor in Wayne County; I can only speak for myself and I can tell you right here unequivocally *[sic]* that if the evidence and facts are not there; if the evidence obtained from that witness stand did not indicate he was guilty, I would not have come before this Court and Jury defending a case that was not there. But, this is your decision. There is a question here, it's merely a question of who you're going to believe. I think if you find that, if you find the case; before you decide the case, you have to decide what witnesses were telling the truth and what witnesses were lying."

He needlessly denigrated the role of defense counsel stating that, as a prosecutor, his job was "to see that justice is done" while defense counsel's job was "to get his man acquitted". He made improper statements about the alibi defense and the alibi witnesses, including reference to the past misdemeanor convictions of one of these witnesses. All of these remarks were unobjected to; however, defendant argues that the prosecutor's conduct resulted in a miscarriage of justice.

A defendant's failure to object to improper re-

marks made by the prosecutor during closing argument precludes appellate review unless an objection and appropriate curative instruction could not have eliminated the prejudice arising from the prosecutor's statements. *People v McLendon,* 51 Mich App 543; 215 NW2d 742 (1974). The improper remarks here were unwarranted and wholly unnecessary. We are persuaded that their prejudicial impact could not have been cured by an instruction. From a review of the record in its entirety, one might conclude that the remarks were part of a deliberate course of conduct. It is unfortunate because as a result of this prosecutorial misconduct, a new trial is required.

Defendant's remaining claim of error involves the prosecutor's improper impeachment of a defense witness. We have already spoken to the reference to the impeachment in the prosecutor's improper final argument. Upon review of the whole record, however, we do not find that the improper impeachment in itself would require reversal.

Reversed and remanded for a new trial.