## PEOPLE v RICHENDOLLAR

Docket No. 77-1112. Submitted May 3, 1978, at Lansing.—Decided August 7, 1978. Leave to appeal applied for.

Charlotte F. Richendollar was convicted in Jackson Circuit Court of inducing first-degree murder, James G. Fleming, J. Defendant appeals alleging that the statute under which she was convicted is unconstitutionally vague and constitutes cruel and unusual punishment, that the trial court erred in failing to instruct the jury *sua sponte* on the lesser included offense of inducing second-degree murder, and in failing to give a requested instruction on manslaughter, and that the prosecutor improperly commented during cross-examination of defendant on her exercise of her right to silence. *Held:*

1. The statute proscribing the inducement, inciting or exhortion of another to commit life-threatening misdemeanors or felonies is not unconstitutional as a form of cruel and unusual punishment and is not unconstitutionally vague.

2. Every charge of first-degree murder necessarily includes the lesser offense of second-degree murder; the trial court erred reversibly in failing *sua sponte* to give an instruction on inducing, inciting, or exhorting second-degree murder in a trial for inducing, inciting, or exhorting someone to kill another person, because a defendant who induces, incites or exhorts another to commit first-degree murder necessarily is inducing, inciting or exhorting second-degree murder.

3. Manslaughter is not a necessarily included offense of the crime of murder, but it may become an included offense where the evidence adduced at trial would support a verdict of guilty of that crime; where there is no evidentiary support for man-

REFERENCES FOR POINTS IN HEADNOTES

[1] 40 Am Jur 2d, Homicide §§ 44 *et seq.,* 525 *et seq.*
[2] 40 Am Jur 2d, Homicide §§ 54–70, 525–535.
[3] 16 Am Jur 2d, Constitutional Law § 552.
[4] 21 Am Jur 2d, Criminal Law § 356.
[5] 21 Am Jur 2d, Criminal Law §§ 115–123.
[6] 40 Am Jur 2d, Homicide § 525 *et seq.*

slaughter the trial court is not required to instruct the jury on it.

4. The rule proscribing comment by a prosecutor on a defendant's assertion of the Fifth Amendment right to silence at questioning is not applicable where the prosecution is asking about a specific statement made by the defendant, because silence is not involved.

Remanded for resentencing.

J. H. GILLIS, P. J., partially concurred, contending that a jury should be requested to determine whether the crime of first-degree murder or second-degree murder is involved in a charge of inciting, inducing or exhorting such a crime, but the jury finding is relevant only to the degree of the penalty to be imposed; it does not constitute a finding of a greater or lesser included offense.

OPINION OF THE COURT

1. HOMICIDE—FIRST-DEGREE MURDER—SECOND-DEGREE MURDER—INDUCING MURDER—INCLUDED OFFENSES.

Every charge of first-degree murder necessarily includes the lesser offense of second-degree murder; a trial court erred reversibly in failing *sua sponte* to give an instruction on inducing, inciting, or exhorting second-degree murder in a trial for inducing, inciting, or exhorting someone to kill another person because a defendant who induces, incites or exhorts another to commit first-degree murder necessarily is inducing, inciting or exhorting second-degree murder (MCL 750.157b; MSA 28.354[2]).

2. HOMICIDE—MURDER—MANSLAUGHTER—EVIDENCE—INSTRUCTIONS TO JURY.

Manslaughter is not a necessarily included offense of the crime of murder but it may become an included offense where the evidence adduced at trial would support a verdict of guilty of that crime; where there is no evidentiary support for such a crime a trial court is not required to instruct the jury on it.

3. HOMICIDE—CONSTITUTIONAL LAW—INCITING MURDER—CRUEL AND UNUSUAL PUNISHMENT—VAGUENESS.

The statute proscribing the inducement, inciting or exhortion of another person to commit life threatening misdemeanors or felonies is not unconstitutional as a form of cruel and unusual punishment and is not · unconstitutionally vague (MCL 750.157b; MSA 28.354[2]).

4. Constitutional Law—Criminal Law—Right to Silence—Prose-
cutor's Comments—Prior Statements.

The rule proscribing comment by a prosecutor on the defendant's
assertion of the Fifth Amendment right to silence at the time
of arrest is not applicable where the prosecution is asking
about a specific statement which was made by the defendant at
the time of arrest because silence is not involved.

5. Criminal Law—Aiding and Abetting—Inducing Crime—Commis-
sion of Crime.

A criminal offense must have occurred before a defendant may be
charged as an aider and abettor; but an underlying criminal
offense is not necessary for a charge of inducing, inciting or
exhorting the commission of a crime.

Partial Concurrence by J. H. Gillis, P. J.

6. Homicide—Inducing Murder—Instructions to Jury—Penalty—
Included Offenses.

*A jury should be requested to determine whether the crime of
first-degree murder or second-degree murder is involved in a
charge of inciting, inducing or exhorting murder, but the jury's
finding is relevant only to the degree of the penalty to be
imposed; it does not constitute a finding of a greater or lesser
included offense (MCL 750.157b; MSA 28.354[2]).*

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Edward Grant,*
Prosecuting Attorney, and *Bruce A. Barton,* Spe-
cial Prosecuting Attorney, for the people.

*Myron E. Sanderson,* for defendant on appeal.

Before: J. H. Gillis, P. J., and D. E. Holbrook
and N. J. Kaufman, JJ.

N. J. Kaufman, J. Charged with conspiracy to
commit first-degree murder, MCL 750.157a; MSA
28.354(1), MCL 750.316; MSA 28.548, and with
inciting, inducing or exhorting first-degree murder,
MCL 750.157b; MSA 28.354(2), defendant was ac-

quitted of the conspiracy charge, and convicted of the inciting, inducing or exhorting charge. Defendant was sentenced to life imprisonment and appeals as of right.

Testimony by prosecution witnesses indicated that on Thursday, August 12, 1976, Roger Hinton and two other men were picked up by defendant while hitchhiking. Defendant told the men that her fiance and his family were trying to accuse her of embezzlement. Hinton suggested, "Why don't you have him killed?" Defendant took Hinton seriously and offered him $40,000 of a life insurance policy on her fiance of which she was the beneficiary. Hinton testified that defendant told them it would be best to do it at night and with a gun. Defendant also told them that her fiance would have $500 in his possession.

On Sunday, August 15, the three men went to the house of defendant's fiance. Defendant's fiance was struck with a pipe wrench and then stabbed to death. The house was ransacked in the search for the $500 and a radio and wallet were also taken. Hinton pled guilty to first-degree murder in a separate proceeding.

On appeal, defendant raises many issues, most dealing in some way with MCL 750.157b; MSA 28.354(2), which provides as follows:

"Any person who incites, induces or exhorts any other person to unlawfully burn any property, to murder, to kill, to wound or to commit an aggravated or felonious assault on any person or to do any act which would constitute a felony or circuit court misdemeanor, that may endanger or be likely to endanger the life of any person, or who aids and abets in any such inciting, inducing or exhorting shall be punished in the same manner as if he had committed the offense, incited, induced or exhorted."

We will chiefly focus on the question of lesser included offenses. As noted earlier, defendant was charged with inciting, inducing, or exhorting first-degree murder. Defendant's trial counsel requested that the trial court charge the jury on inciting to commit manslaughter. The trial court refused to give the requested lesser included instruction because it found that inducing, inciting, or exhorting someone to kill another person necessarily includes the intention to have that person killed, and thus only first-degree murder is involved.

Two major questions are presented: 1) Did the trial court commit reversible error by failing to give the requested instruction on manslaughter? 2) Did the trial court commit reversible error by failing to *sua sponte* instruct on the lesser included offense of inciting, inducing, or exhorting second-degree murder? We will treat them in inverse order.

In *People v Jenkins,* 395 Mich 440, 442; 236 NW2d 503 (1975), the Supreme Court held that:

"Because of the significant differences in the penalties between first- and second-degree murder, and because every charge of first-degree murder necessarily includes the lesser offense of second-degree murder, in every trial for first-degree murder, including felony murder, the trial court is required to instruct the jury *sua sponte,* and even over objection, on the lesser included offense of second-degree murder."

Viewing an admittedly different factual situation than the traditional homicide scenario, we must decide whether the holding should be applied in this case. Since both the legal and policy considerations underlying the holding in *People v Jenkins, supra,* are present, we hold that the trial

court committed reversible error in not instructing *sua sponte* on second-degree murder.

In *People v Morrin,* 31 Mich App 301, 310–311; 187 NW2d 434 (1971), *lv den,* 385 Mich 775 (1975), Justice (then Judge) LEVIN succinctly defined second-degree common-law murder:[1]

"A person who kills another is guilty of the crime of murder if the homicide is committed with malice aforethought. Malice aforethought is the intention to kill, actual or implied, under circumstances which do not constitute excuse or justification or mitigate the degree of the offense to manslaughter. The intent to kill may be implied where the actor actually intends to inflict great bodily harm or the natural tendency of his behavior is to cause death or great bodily harm." (Footnotes omitted.)

To that base, we add the Supreme Court's holding in *People v Carter,* 395 Mich 434, 437–438; 236 NW2d 500 (1975):

"Second-degree murder is always a lesser included offense of first-degree murder. First-degree murder is second-degree (common-law) murder *plus* an element, *viz.,* either premeditation or the perpetration or attempt to perpetrate an enumerated felony. *People v Allen,* 390 Mich 383; 212 NW2d 21 (1973). Conversely, second-degree murder is first-degree murder *minus* premeditation or the enumerated felony." (Emphasis in original.)

Legally, then, if a person incites, induces, or

---

[1] In denying the requested instruction on lesser-included offenses, the trial court stated:

"If you are inducing, inciting or exhorting somebody to kill somebody you are certainly intending that person be killed and looking at that standpoint an intentional killing is first degree murder".

It should be noted that the crime defined by the trial court was common-law second-degree murder. *People v Morrin,* 31 Mich App 301, 310–311; 187 NW2d 434 (1971), *lv den,* 385 Mich 775 (1975).

exhorts another to commit first-degree murder, necessarily that person is inciting, inducing, or exhorting second-degree murder. *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975).[2]

Additionally, because a violator of MCL 750.157b; MSA 28.354(2), "shall be punished in the same manner as if he had committed the offense, incited, induced, or exhorted", judicial concerns over the severity of punishment for first-degree murder warrant that the *Jenkins* holding be applied to the assailed statute.[3] However, as in *People v Jenkins, supra,* a new trial is not required.

This case shall be remanded for entry of a judgment of conviction of the lesser-included offense of inciting, inducing, or exhorting second-

[2] Certainly, it may be contended that the act of inciting, inducing, or exhorting of necessity satisfies the element of premeditation. Legally, it is sufficient to state that the judicial policy of this state in this area (to be discussed in the text of this opinion *infra)* does not permit such a conclusion to be drawn. Factually, we note that even appellee concedes the possibility that "there might be other cases in which the facts indicate incitement to commit second-degree murder."

[3] Defendant's participation in the crime was sufficient to have charged her as an aider and abettor to the murder. As in *People v Hodo,* 51 Mich App 628, 634; 215 NW2d 733 (1974), *lv den,* 393 Mich 806 (1975), defendant "alone had the necessary information * * * to initially create and formulate the [murder] plan." An aider and abettor may "be prosecuted, indicted, tried, and on conviction shall be punished as if he had directly committed [the] offense". MCL 767.39; MSA 28.979. However, to be charged as an aider and abettor, a criminal offense must have occurred. That is not necessary under MCL 750.157b; MSA 28.354(2). A person may be convicted even if no offense took place.

Thus, it seems anomalous to suggest that in the more serious situation—where a murder actually occurs—a defendant gets the benefit of a second-degree murder instruction, whereas in the less serious situation—where no murder takes place—a defendant is restricted to the first-degree murder instruction. It seems capricious to hold, as is the case here where the criminal offense did occur, that the range of instructions to which defendant is entitled is determined by the way she was charged.

We further note that had Hinton not pled guilty to first-degree murder, under *People v Jenkins,* 395 Mich 440, 442; 236 NW2d 503 (1975), the trial court would have been required to instruct on second-degree murder.

degree murder and for resentencing. If, however, the prosecuting attorney is persuaded that the ends of justice would be better served, upon notification to the trial court before resentencing, the trial court shall vacate the judgment of conviction and grant a new trial on the charge that the defendant committed the crime of inciting, inducing, or exhorting first-degree murder. *People v Jenkins, supra, People v Herbert Ross,* 73 Mich App 588; 252 NW2d 526 (1977).

As noted above, defendant's other lesser-included offense contention is that the trial court erred in not giving a requested instruction on manslaughter. The legal question subsumed in defendant's argument was recently decided by the Supreme Court. *People v Van Wyck,* 402 Mich 266, 268; 262 NW2d 638 (1978). The Supreme Court concluded:

"We hold that manslaughter is not a necessarily included offense within the crime of murder but that it may nonetheless be an included offense if the evidence adduced at trial would support a verdict of guilty of that crime."

A review of the evidence adduced at trial supports the trial court's refusal to give the requested instruction. There was no evidence of mitigating circumstances or of criminally negligent behavior. Thus, the trial court's refusal did not constitute reversible error.

Defendant's other contentions may be answered with more brevity. The three factors considered by the Supreme Court in *People v Lorentzen,* 387 Mich 167; 194 NW2d 827 (1972), lead to the conclusion that MCL 750.157b; MSA 28.354(2) is not unconstitutional as a form of cruel and unusual punishment.

Defendant's contentions that MCL 750.157b; MSA 28.354(2) is void for vagueness and punishes constitutionally protected speech were rejected in *People v Chapman,* 80 Mich App 583; 264 NW2d 69 (1978), with which we agree.

Defendant also contends that the prosecutor cross-examined her concerning her silence at the time of her interrogation by the police. Defendant's reliance on *People v Bobo,* 390 Mich 355; 212 NW2d 190 (1973), is misplaced. The assailed questions did not address defendant's silence or any failure to make a statement. Rather, the prosecutor was asking defendant about a specific statement she had made. This Court has previously held that *Bobo* is not applicable where a defendant has made a statement because silence is not involved. *People v Hunt,* 68 Mich App 145; 242 NW2d 45 (1976), *People v Gant,* 55 Mich App 510; 222 NW2d 784 (1974).

Defendant's other two contentions have been carefully considered and are rejected.

Remanded for proceedings in conformity with this opinion. We do not retain jurisdiction.

D. E. Holbrook, J., concurred.

J. H. Gillis, P. J. *(concurring).* I agree that the trial court should have asked the jury to determine if the actions of the defendant constituted a request to commit a first-degree murder or a second-degree murder. The only reason that such a request should be made to the jury is to determine what penalty should be imposed on the defendant in the event of a conviction since the act provides that the person who incites, induces or exhorts another to murder or kill shall be punished in the same manner as if he had committed the offense which he incited, induced or exhorted.

I do not believe that this is a lesser included offense but it is a lesser penalty imposition.

I agree with the balance of the majority opinion and I too would remand this cause to the trial court for sentencing as though the jury had made a determination that the defendant had incited, induced or exhorted another to commit second-degree murder. If, however, the prosecuting attorney is persuaded that the ends of justice would be better served, upon notification to the trial court before resentencing, the trial court shall vacate the judgment of conviction and grant a new trial wherein the jury would, *inter alia,* be required to determine if the defendant incited, induced or exhorted another to commit first- or second-degree murder.