PEOPLE v HAINES

Docket No. 49927. Submitted December 11, 1980, at Lansing.—Decided April 8, 1981. Leave to appeal applied for.

David J. Haines was convicted of uttering and publishing a forged instrument and was sentenced to prison, Livingston Circuit Court, Paul R. Mahinske, J. He appeals, alleging that the examining magistrate at his preliminary examination erred in granting a continuance at the request of the prosecution and that the trial court erred in admitting certain evidence, resulting in a denial of his right to remain silent, and in allowing the prosecutor's references to and comments upon similar-acts evidence. *Held:*

1. The magistrate's exercise of discretion in granting the continuance, even if error, does not require reversal, defendant having shown no prejudice.

2. Defendant's right to remain silent was not denied by the trial court's admission of evidence regarding his previous statements.

3. The trial court did not err in admitting similar-acts evidence for the purpose of impeaching a witness, but the use of the evidence by the prosecutor during closing argument to buttress his case denied defendant his right to a fair trial. Defendant's failure to object does not preclude review since, even if the trial court had given the jury a curative instruction, the prejudice resulting from the prosecutor's improper use of the evidence would not have been eliminated.

Reversed and remanded.

C. L. Bosman, J., dissented. He would hold that a proper instruction would have cured any error, that the use of the similar-acts evidence did not result in a miscarriage of justice, and that in light of defendant's failure to object to the use of

References for Points in Headnotes

[1] 5 Am Jur 2d, Appeal and Error § 578.

21 Am Jur 2d, Criminal Law §§ 161, 449.

[2] 75 Am Jur 2d, Trial § 221.

[3, 4] 29 Am Jur 2d, Evidence § 327.

the evidence, review of the issue should be precluded. He would affirm.

### OPINION OF THE COURT

1. CRIMINAL LAW — APPEAL — PRELIMINARY EXAMINATIONS — DELAY — PREJUDICE.

   A criminal defendant must show that a trial court's failure to conduct a preliminary examination within the period required by statute resulted in prejudice in order to obtain a reversal of his conviction on that ground on appeal.

2. CRIMINAL LAW — TRIAL — RIGHT TO REMAIN SILENT — INCONSISTENCIES IN TESTIMONY.

   The rule proscribing comment during trial regarding a criminal defendant's exercise of his right to remain silent does not apply to the questioning of the defendant about an inconsistency between statements defendant made during custodial interrogation and his testimony during trial.

3. CRIMINAL LAW — TRIAL — SIMILAR-ACTS EVIDENCE — RIGHT TO FAIR TRIAL — PROSECUTING ATTORNEYS.

   The use by a prosecutor during closing argument of similar-acts evidence, admitted by the trial court solely for the purpose of enabling the jury to weigh, evaluate, and determine the credibility of a witness, to buttress the prosecutor's case against a defendant, where a curative instruction would not eliminate prejudice resulting from the use of such evidence, denies the defendant his right to a fair trial, and defendant's failure to object to the use of the evidence at trial does not preclude appeal.

### DISSENT BY C. L. BOSMAN, J.

4. CRIMINAL LAW — APPEAL — SIMILAR-ACTS EVIDENCE — PRESERVING QUESTION — JURY INSTRUCTIONS — ERROR.

   *The use of similar-acts evidence by a prosecutor during closing argument in a criminal case should not be held to constitute error requiring reversal on appeal where a defendant did not object to such use, any unduly prejudicial effect could have been eliminated by a curative instruction, and the use of the evidence did not result in a miscarriage of justice.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Frank R. Del Vero,* Prosecuting Attorney (by *Leonard J. Mali-*

*nowski,* Assistant Attorney General), for the people.

*Reck, Reck & Ashley, P.C.,* for defendant on appeal.

Before: BRONSON, P.J., and J. H. GILLIS and C. L. BOSMAN,* JJ.

J. H. GILLIS, J. Defendant was convicted by a jury of uttering and publishing a forged instrument in violation of MCL 750.249; MSA 28.446. He was sentenced to a term of imprisonment of from 8 to 14 years and appeals as a matter of right.

Defendant claims that the examining magistrate failed to exercise properly his discretion in granting a continuance of the preliminary examination. MCL 766.7; MSA 28.925. This claim of error is based on the failure of the prosecutor to fully inform the judge of the reasons for the prosecutor's request for a continuance. Even if error, defendant has not shown any prejudice stemming therefrom. To merit reversal for violation of MCL 766.7; MSA 28.925, a defendant must show prejudice. *People v Bersine,* 48 Mich App 295, 300; 210 NW2d 501 (1973), *lv den* 391 Mich 837 (1974), *People v Robinson,* 41 Mich App 259, 266-267; 199 NW2d 878 (1972).

Defendant's claim that his right to remain silent was denied by the admission of evidence concerning his failure to exculpate himself while undergoing custodial interrogation must also be rejected. Defendant made an earlier statement and was questioned about the inconsistency between the earlier statement and his testimony at trial. The facts of this case do not come within the rule of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

*People v Bobo,* 390 Mich 355; 212 NW2d 190
(1973). *People v Whitty,* 96 Mich App 403, 420; 292
NW2d 214 (1980), *People v Richendollar,* 85 Mich
App 74, 82; 270 NW2d 530 (1978), *lv den* 405 Mich
820 (1979), *People v Baldwin,* 74 Mich App 700,
709-712; 254 NW2d 619 (1977), *rev'd on other
grounds* 405 Mich 550 (1979).

Defendant's final claim of error is that the trial
court erred in admitting similar-acts testimony
involving other checks defendant and Carolyn
Olejnicjck were alleged to have attempted to cash.[1]
The evidence was ruled admissible only to im-
peach Ms. Olejnicjck, and the jury was immedi-
ately instructed as to this fact. Thus, no error
occurred up to this point in the trial. However, the
evidence admitted to impeach Ms. Olejnicjck was
extensively referred to by the prosecutor during
closing argument. The nature of these comments
raises a serious question whether defendant was
thus denied a fair trial.[2]

During closing argument, the prosecutor com-
mented as follows on the similar-acts evidence:

"Pay no attention to the other checks, he is only on
trial for the one. The one was plucked out of the others

[1] Although the trial court and the attorneys both below and on
appeal refer to the objectionable testimony as "similar acts" for
impeachment, this is not a correct characterization of the evidence.
Similar-acts evidence which is admissible pursuant to MRE 404(b) is
admissible for some limited substantive purpose and not impeach-
ment. If the evidence was admissible at all, it was admissible pursu-
ant to MRE 608(b) as a specific instance of conduct probative of
truthfulness or untruthfulness. Moreover, the trial court should have
considered whether the testimony was more prejudicial than proba-
tive pursuant to MRE 403. Finally, since defendant had not yet
testified, the series of questions which also impugned his credibility
should not have been allowed. Instead, the questions should have
been asked solely in reference to what Ms. Olejnicjck had done.

[2] Defendant raised this issue in a brief appended to a motion for
permission to file a supplemental brief, which was granted by order
dated January 30, 1981.

for various reasons which are legally not the concern of
this jury. There are little technicalities which are de-
signed originally to protect the rights of defendants and
invaribly *[sic]* used by the defense counsel to protect his
wrongs, not his rights.

\* \* \*

"You see, it is admitted there is no question, as the
Court told you, the defendant is not on trial for any-
thing involving those other checks. But you see what
counsel saw fit to overlook are the dates of the other
checks, February the 3rd, February the 4th. What is
the date of the check involved in this case? February
the 3rd. Don't you think there is some connection?
Doesn't it show the intention of the parties? Doesn't it
show a pattern of action acted upon by all of these
individuals, a scheme they all engaged in within a few
days?

\* \* \*

"But as long as he brings that up, let's see, we have
People's Exhibit No. 1, the date February the 3rd. You
heard me cross-examine Mr. Haines when he was on
the witness stand about a check dated February the
4th, about another one dated February the 3rd, about
another one dated February the 4th. Those checks
wouldn't be in Carl Plantz's possession for one reason,
they are in the possession of the police, if you will
remember the testimony."

There are several seriously prejudicial state-
ments contained in the foregoing comments. First,
the "little technicalities" to which the prosecutor
referred involve the dismissal of the only other
check charge brought against defendant because of
insufficient evidence. This statement was mislead-
ing because the jury could easily have inferred
that the prosecutor was in a position to know the
truth about why the defendant had been charged
with the instant offense and no others. It was
prejudicial because it invited the jury to rely on
the prosecutor's special knowledge about the other

check charges and convict defendant on this charge so that he would not escape punishment due to "little technicalities".

The similar-acts evidence to which the prosecutor referred was not admitted to show a scheme or plan. Rather, it was admitted by the trial court "solely for the purpose of [the jury] weighing, evaluating and determining the credibility of th[e] witness * * *". And yet, the prosecutor used the evidence to buttress his case against defendant. See, MRE 404(b). As this was clearly not the purpose for which the evidence was admitted, "it could not be considered as substantive evidence of [defendant's] intent or knowledge in the instant case". *People v Lytal,* 96 Mich App 140, 154; 292 NW2d 498 (1980). Moreover, because the prosecutor waited until rebuttal closing argument to raise the subject, defense counsel had no opportunity to respond thereto.

Because defense counsel made no objection to the prosecutor's closing argument comments, review could be precluded absent a finding that a curative instruction would not have eliminated the resultant prejudice or that the comments denied defendant his right to a fair trial. *People v Rone (On Remand),* 101 Mich App 811; 300 NW2d 705 (1980). We find both that a curative instruction would not have eliminated the prejudice resulting from the prosecutor's comments and that such statements denied defendant his right to a fair trial.

In *Lytal, supra,* 153, evidence of a prior conviction was admitted solely on the issue of defendant's credibility. The trial court so instructed the jury at the close of the trial, and thus the prosecutor's closing argument, that the prior conviction was evidence of defendant's guilt, was ruled harm-

less error because any prejudice could have been eliminated by a timely requested curative instruction. *Id.,* 154. In the instant case, the trial court initially instructed the jury as to the limited purpose of the similar-acts evidence, but no such instruction was given during the formal jury instructions at the close of trial one day later. Thus, the last input received by the jury as to the other checks was the prosecutor's comments that such checks reflected the defendant's intent, pattern of action, and scheme. Because this evidence was not admitted for such purpose and because the remainder of the quoted comments were highly prejudicial to defendant, we are persuaded that reversal is required.

Reversed and remanded for proceedings consistent with this opinion.

Bronson, P.J., concurred.

C. L. Bosman, J. *(dissenting).* I do not find error requiring reversal in this case and would affirm defendant's conviction. I agree with the majority on the first two issues raised and disagree with their conclusion on the third issue.

The test for whether erroneous testimony or argument admitted at a criminal jury trial without objection constitutes error requiring reversal is whether a miscarriage of justice would result. *People v Lytal,* 96 Mich App 140, 154; 292 NW2d 498 (1980). I find that a proper instruction would have cured any error in this case and that no miscarriage of justice occurred.

In presenting the case in chief, the prosecutor called defendant's 16-year-old girlfriend accomplice, Carolyn Olejnicjck, who testified that she wrote out the checks at defendant's direction. On redirect the plaintiff asked her about other checks

allegedly forged and presented for payment at approximately the same time as the check on which defendant was being tried. Defense counsel objected to the testimony, and the prosecutor explained that he was offering the testimony for the following reason:

"And in view of the testimony that this witness just gave on cross-examination, they would certainly would be material as to the scheme, plan, pattern of the conduct of these individuals, including this defendant, with reference to the things she just testified to as to the true intent of the parties."

The court then overruled the objection but later instructed the jury as follows:

"I do want to precaution [sic] you jurors that this questioning that is being put to this witness is solely for the purpose of your weighing, evaluating and determining the credibility of this witness, not to make a decision as to whether or not those other crimes actually happened. This defendant is not on trial for any of those prior checks."

Defendant's attorney reserved making an opening statement and offered no theory of defense until the prosecutor rested his case, whereupon he told the jury that the defendant had permission from Carl Plantz, owner of the account on which the checks were drawn, to write the check in question. He further advised that there was no intent to defraud Carl Plantz. Defendant testified that he had permission to write and cash the check with which he was charged but was not a party to making out or cashing any other checks not signed by Carl Plantz. This testimony was inconsistent with a statement made to Detective Sergeant Deering, a rebuttal witness called by the

prosecutor. Defense counsel objected to the prose-
cutor calling Detective Sergeant Deering to give
testimony under the similar-acts statute and the
court overruled the objection stating:

"If there ever was a case to justify the Similar Acts
Statute, this is it. And simply to argue that it is
prejudicial isn't good enough, as far as I am concerned.
Everything is prejudicial in a lawsuit. Whether it is
improperly prejudicial is the question, or unfairly preju-
dicial.

"The fact of the matter is, the statute covers similar
acts, whether or not the party was convicted of them, to
show lack of mistake, to show motive, scheme, design,
intent.

"The jury will be properly charged and they will still
have the bottom line question. And that is: Whether or
not it has been proven beyond a reasonable doubt each
and everyone [sic] of the elements equate with the
defendant being guilty in this case. And the jury can
still disregard, if they wish to, prior acts or subsequent
acts of the defendant that are properly brought out.
The probative value, obviously, outweighs the prejudi-
cial impact.

"The motion is denied."

Part way through Detective Deering's testimony
the court instructed the jury on its use, saying:

"While the witness is looking for that name, I want
to charge you jurors about this testimony relative to
other checks that may or may not infer [sic] that the
defendant had been engaged in some other illegal acts.

"It is being brought to your attention at this time for
purposes of attacking the credibility of the defendant
who testified on the witness stand. You are to receive
the testimony only for that purpose as to whether or
not you want to bring it into play when you apply what
weight you as jurors apply to the testimony of wit-
nesses.

"You are not to consider this as being proof that he

committed this particular crime or those, for that matter."

Thus, the prosecutor on two separate occasions was permitted by the court to offer evidence under the similar-acts statute and on both occasions the court improperly instructed the jury on the limitation of use they were to make of that testimony.

MCL 768.27; MSA 28.1050 and MRE 404(b) are alike in their permissive use of similar acts to show motive, intent, scheme, plan, or system. I do not find that one modifies the other. Similar-acts evidence has been ruled properly admissible by this Court in a charge of conspiracy to utter and publish a forged check, *People v Nawrocki,* 6 Mich App 46; 150 NW2d 516 (1967), *cert den* 389 US 942; 88 S Ct 304; 19 L Ed 2d 296 (1967), to show intent and lack of accident in an embezzlement charge, *People v Streetman,* 59 Mich App 49; 228 NW2d 539 (1975), to show identity in an armed robbery charge, *People v Jones,* 83 Mich App 559; 269 NW2d 224 (1978), and by the Supreme Court in *People v Duncan,* 402 Mich 1; 260 NW2d 58 (1977), to show intent in the charge of conspiracy to do a legal act in an illegal manner and solicitation of a bribe.

Similar-acts evidence properly is admitted in a prosecution's case in chief, *People v Bates,* 94 Mich App 568; 288 NW2d 655 (1980), and has been admitted properly by cross-examination of the defendant to show intent where defendant testified that he had no intent to commit embezzlement. *Streetman, supra.* The defense attorney here made no opening statement and gave no theory of defense until after the prosecutor had rested his case. At that time, permission and lack of intent became the defense. I agree with the trial judge who, when ruling on defendant's motion, stated:

"If there ever was a case to justify the Similar Acts Statute, this is it."

Unfortunately, the trial court did not instruct the jury properly on the use of similar-acts evidence and gave no instruction on the limited use of this testimony at the conclusion of the trial. No objection was made by defense counsel to the improper instruction when given or the failure to instruct at the conclusion of the case. At that time, the defendant gave verbal approval to the instructions given. Nor was any objection given to the "common plan, scheme, and intent" final argument given by the prosecutor. This Court held in *Streetman, supra,* 52-53, as follows:

"In the absence of request or proper objection, there is no absolute requirement that the trial judge give limiting instructions. *People v Chism,* 390 Mich 104; 211 NW2d 193 (1973).
"We hold, therefore, that the trial judge did not err in admitting evidence of a prior similar act. Nor was it reversible error to fail to instruct the jury on the limited purpose for which the evidence was admitted, where, as here, there was no request for such instruction and no objection to the failure to instruct."

I do find the prosecutor's remarks in closing argument improper:

"Pay no attention to the other checks, he is only on trial for the one. The one was plucked out of the others for various reasons which are legally not the concern of this jury. There are little technicalities which are designed originally to protect the rights of defendants and invariably *[sic]* used by the defense counsel to protect his wrongs, not his rights."

But I believe "any unduly prejudicial effect could have been eliminated by a curative instruction if one had been requested upon a timely objection". *Duncan, supra,* 16-17.