THE STATE OF OHIO, APPELLEE, *v.* KINNEMORE, APPELLANT.

(No. 3959—Decided August 7, 1972.)

*Mr. Lee C. Falke,* prosecuting attorney, and *Mr. James A. Wilson,* for appellee.

*Messrs. Staley, Buechele & Brown,* for appellant.

KERNS, J. The defendant, Henry John Kinnemore, appellant herein, was tried by jury and convicted of assault with intent to kill in violation of R. C. 2901.24. From the judgment and sentence entered upon the verdict, Kinnemore has perfected an appeal to this court.

On October 11, 1971, the defendant and a male accomplice entered Millers Department Store where they were observed stealing phonograph records by a security officer. As the officer approached them, the accomplice ran from the store, but after a scuffle with two store employees, Kinnemore was detained and taken to an upstairs office. The security officer, Margaret Mason, and four male employees were also in the office at the time.

Another store employee, Sharon Frazier, was about to join the group when she was grabbed around the neck by the defendant who placed scissors to her neck and stated that he would kill her if the others did not allow him to leave. At that point, the male employees intervened and proceeded to disarm Kinnemore without any resulting injury to Miss Frazier.

The first assignment of error is based upon the con-

tention that the state failed to prove the corpus delicti before attempting to prove the defendant's involvement in the offense.

The corpus delicti of any crime is the act which constitutes the substance of the crime and the criminal agency of a person in the accomplishment of that act. See *State* v. *Dudley,* 19 Ohio App. 2d 14. In the present case, four witnesses testified that they observed the scissors in Kinnemore's hand pointed toward Sharon Frazier's neck, and the evidence, as a whole, graphically illustrates both the act and the agency which constitute the corpus delicti of the crime charged herein.

The defendant argues that the failure of the state to offer the scissors in evidence was fatal to its case. We agree that the void in the record as to the size and shape of the scissors has produced some apprehension in determining whether the defendant had the present ability to commit the crime, but in view of the circumstances outlined by other evidence, we cannot say that the scissors were indispensable to a conviction. The first assignment of error will therefore be overruled.

The second assignment of error alleges that the charge of the trial court to the jury was completely devoid of the element of malice, and in support of this alleged error, the defendant relies heavily upon *State* v. *Stout,* 49 Ohio St. 270, which holds that the ingredient of malice is essential to the offense of an assault with intent to kill. However, in the *Stout* case, the court gave approval to any form of words that correctly defines malice and specifically alluded to "the doing of a wrongful act intentionally without just cause or excuse" as an accepted definition.

In the present case, the trial court referred to the essential elements of the crime as follows:

"Now, the state accuses the defendant of assault with intent to kill. Before you can find the defendant guilty of assault with intent to kill you must find beyond a reasonable doubt on or about the 11th day of October, 1971, in Montgomery County, Ohio, the defendant made an assault upon the person of Sharon Frazier, and that at the time of the

assault the defendant intended to kill her. To constitute the crime of assault with intent to kill it is essential that at the time of the assault the defendant intended to kill Sharon Frazier, and that the force used or threatened must have been for the purpose of accomplishing the intent of taking her life. If these elements were present, it is not necessary that she have been injured in any manner.''

The omission of any specific reference to the word ''malice'' was not necessarily fatal to the instructions of the trial court. See *State* v. *Childers*, 133 Ohio St. 508. As was stated in *Weaver* v. *State*, 24 Ohio St. 584, 590:

''The shooting with intent to kill being established, the law implies malice; and the malice thus implied, can only be rebutted by showing circumstances of justification or excuse.''

Likewise, in the present case, we are of the opinion that the assault with an alleged intention to kill, as disclosed by the evidence, imports and includes malice. Furthermore, the defendant failed to make any objection to the charge as given. Nor did he make any effort to fulfill any claimed omission in the charge. The second assignment of error is overruled.

The third assignment of error challenges the weight and sufficiency of the evidence presented by the state to sustain the charge of ''assault with intent to kill,'' and this alleged error brings into focus the diffcult question in the case.

The state submitted overwhelming evidence that Kinnemore assaulted Sharon Frazier in an attempt to effect an escape, but the evidence of an intent to kill at the time of the assault is dependent upon considerable speculation. The assault took place within a few feet of the security officer, Margaret Mason, and the four male employees. Each of these witnesses testified that the appellant twice said that ''if you guys don't let me go, I'm going to kill her.''

Although the assault was complete at that point, the exclamation tends to show that its objective was escape—not murder. The threat was conditional, where as an assault coupled with a present intent to kill necessarily in-

volves continuous, sequential, and uninterrupted conduct. The state was required to prove that Kinnemore intended to kill Miss Frazier at the time of the assault, but the evidence upon this issue, which consists entirely of the exclamation of the defendant at the time of the assault, is not sufficient to sustain an essential element of the crime beyond a reasonable doubt; hence, the third assignment of error is well made.

Under R. C. 2945.79(D), this court is authorized to modify a verdict if the evidence shows that the defendant is not guilty of the degree of crime for which he was convicted, but is guilty of a lesser included offense. The evidence presented by the state shows beyond any reasonable doubt that the defendant is guilty of a violation of R. C. 2901.241, which provides as follows:

"No person shall assault another with a dangerous weapon or instrument or by other means of force likely to produce death or great bodily harm."

Accordingly, the judgment will be so modified, and the cause remanded to the court of common pleas for resentencing under R. C. 2901.241.

*Judgment accordingly.*

SHERER, P. J., and CRAWFORD, J., concur.