PEOPLE v CHAPMAN

1. CONSTITUTIONAL LAW—CRIMINAL LAW—STATUTES—PROHIBITED
   CONDUCT—FIRST AMENDMENT FREEDOMS—REASONABLE CER-
   TAINTY.

   Laws should define prohibited conduct with sufficient specificity
   (1) to give persons of ordinary intelligence reasonable notice of
   what is prohibited, (2) to provide standards for enforcement
   and, (3) where First Amendment freedoms are involved, to
   avoid an unnecessary chilling effect; however, given the inher-
   ent limitations of language, courts do not demand mathemati-
   cal precision, but only reasonable certainty.

2. CRIMINAL LAW—STATUTES—INCITE, INDUCE OR EXHORT—NOTICE—
   PROHIBITED CONDUCT.

   The statute which makes it unlawful for a person to incite,
   induce or exhort another person to do an act which would be a
   felony or a circuit court misdemeanor, as written, sufficiently
   informs a potential defendant that he is to refrain from con-
   duct calculated to cause another person to commit an offense
   described in the statute (MCLA 750.157b; MSA 28.354[2]).

3. CONSTITUTIONAL LAW—OVERBREADTH—STATUTES—FIRST AMEND-
   MENT FREEDOMS—CHALLENGES TO STATUTES.

   One to whom a statute may constitutionally be applied may not
   challenge that statute on grounds of overbreadth; however, in
   the area of First Amendment rights the rule has been relaxed
   to permit challenges to overly-broad statutes by persons whose
   conduct would have been prohibited even by a narrowly drawn
   statute, in order to provide the "breathing space" which the
   First Amendment requires.

4. CONSTITUTIONAL LAW—CRIMINAL LAW—STATUTES—WORDS AND
   PHRASES—IMMINENCE OF ACTION—FREE SPEECH—FREE PRESS.

   The words incite, induce or exhort, as used in the statute which

REFERENCES FOR POINTS IN HEADNOTES
[1–4] 73 Am Jur 2d, Statutes § 346.
   Indefiniteness of language as affecting validity of criminal legisla-
   tion or judicial definition of common-law crime—Supreme Court
   cases. 16 L Ed 2d 1231.

makes it unlawful for a person to incite, induce or exhort another person to commit an offense described in the statute imply imminence of action; therefore, the statute is not unconstitutional under the rule, established by the United States Supreme Court, that the constitutional guarantees of free speech and free press do not permit a state to forbid or proscribe advocacy of the use of force or of law violation except where such advocacy is directed to inciting or producing imminent lawless action and is likely to incite or produce such action (MCLA 750.157b; MSA 28.354[2]).

Appeal from Jackson, James G. Fleming, J. Submitted November 3, 1977, at Lansing. (Docket No. 77-617.) Decided January 5, 1978.

Rodney W. Chapman was convicted, on his plea of guilty, of inciting, inducing or exhorting another to commit felonious assault. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *John L. Wildeboer,* Assistant Prosecuting Attorney, for the people.

*F. Martin Tieber,* Assistant State Appellate Defender, for defendant on appeal.

Before: J. H. GILLIS, P. J., and BASHARA and H. L. HEADING,* JJ.

H. L. HEADING, J. Defendant was charged with inciting, inducing or exhorting another to commit murder, MCLA 750.157b; MSA 28.354(2). At his preliminary examination, the magistrate refused to bind defendant over for trial, on grounds that the prosecution was required to establish, as part of the corpus deliciti, that a murder had actually

---

* Detroit Recorder's Court judge, sitting on the Court of Appeals by assignment.

occurred. The prosecutor appealed this decision in Circuit Court for Jackson County, which reversed. On remand, defendant was bound over for trial as charged.

Prior to trial, a second count of inciting, inducing or exhorting another to commit felonious assault, MCLA 750.157b; MSA 28.354(2), was added to the information, and defendant pled guilty to that offense. Defendant was sentenced to a term of two years, eight months to four years imprisonment. He appeals as of right, alleging *inter alia* that the statute under which he was charged is void for vagueness and overbreadth.

Testimony at the preliminary examination tended to show that defendant accompanied one Kyle Anderson and two others to a certain location, where they asked to see "Tom". As Thomas Matthias approached the automobile in which defendant and his companions were sitting, defendant handed a shotgun to Anderson, saying, "Shoot him. Blow him up." Anderson apparently complied, and Matthias suffered wounds which ultimately caused his death.

The statute under which defendant was charged provides:

"Any person who incites, induces or exhorts any other person to unlawfully burn any property, to murder, to kill, to wound or to commit an aggravated or felonious assault on any person or to do any act which would constitute a felony or circuit court misdemeanor, that may endanger or be likely to endanger the life of any person, or who aids and abets in any such inciting, inducing or exhorting shall be punished in the same manner as if he had committed the offense, incited, induced or exhorted."

Defendant first contends that the statute is void

for vagueness under the Due Process Clause, US Const, Am XIV, because the terms "incites, induces or exhorts" do not define with sufficient clarity the conduct proscribed, and have a chilling effect on his First Amendment freedom of speech. We do not agree.

Laws must define prohibited conduct with sufficient specificity to give persons of ordinary intelligence reasonable notice of what is prohibited, to provide standards for enforcement and, where First Amendment freedoms are involved, to avoid an unnecessary chilling effect. *Grayned v City of Rockford,* 408 US 104; 92 S Ct 2294; 33 L Ed 2d 222 (1972), *People v Dempster,* 396 Mich 700; 242 NW2d 381 (1976). Given the inherent limitations of language, however, courts do not demand mathematical precision, but only reasonable certainty. *Grayned, supra, Kalita v Detroit,* 57 Mich App 696; 226 NW2d 699 (1975), *lv den* 394 Mich 810 (1975).

The three terms used in the statute to describe the prohibited conduct are given similar definitions by Webster's New World Dictionary, 2d Ed (Collins & World Publishing Co, Inc, 1974).[1] A fair reading of the definitions is that the terms "incite, induce or exhort" are essentially synonymous, and refer to conduct intended to bring about action on the part of another person. *Cf. People v O'Neal,* 22 Mich App 432; 177 NW2d 636 (1970).

We think that the statute as written sufficiently informs a potential defendant that he is to refrain from conduct calculated to cause another person to commit an offense described in the statute. MCLA 750.157b; MSA 28.354(2) is not unconstitutionally vague.

---

[1] Incite: "to urge to action; stir up; rouse" (p 710). Induce: "to lead on to some action * * * ; prevail on; persuade" (p 718). Exhort: "to urge earnestly by advice, warning, etc." (p 491).

Defendant next contends that the challenged statute is void because it is overly broad, prohibiting speech protected by the First Amendment as well as speech which may properly be regulated.

It is well-established that one to whom a statute may constitutionally be applied may not challenge that statute on grounds of overbreadth, *Broadrick v Oklahoma,* 413 US 601; 93 S Ct 2908; 37 L Ed 2d 830 (1973). In the area of First Amendment rights, however, the rule has been relaxed to permit challenges to overly-broad statutes by persons whose conduct would have been prohibited even by a narrowly-drawn statute, in order to provide the "breathing space" which the First Amendment requires, *Broadrick, supra, Dombrowski v Pfister,* 380 US 479; 85 S Ct 1116; 14 L Ed 2d 22 (1965), *Sponick v Detroit Police Department,* 49 Mich App 162; 211 NW2d 674 (1973). We need not expand upon the question of defendant's standing to raise the overbreadth issue, however, because we find the statute to be within constitutional limits.

Defendant contends that the statute under which he was charged cannot stand under the rule of *Brandenburg v Ohio,* 395 US 444; 89 S Ct 1827; 23 L Ed 2d 430 (1969). The Court in *Brandenburg,* 395 US 444, 447–448, said:

"[T]he constitutional guarantees of free speech and free press do not permit a State to forbid or proscribe advocacy of the use of force or of law violation *except where such advocacy is directed to inciting or producing imminent lawless action* and is likely to incite or produce such action. As we said in *Noto v United States,* 367 US 290, 297–298 [81 S Ct 1517; 6 L Ed 2d 836] (1961), 'the mere abstract teaching * * * of the moral propriety or even moral necessity for a resort to force and violence, is not the same as preparing a group for violent action and steeling it to such action.' See also *Herndon v Lowry,* 301 US 242, 259–261 [57 S Ct 732; 81

L Ed 1066] (1937); *Bond v Floyd,* 385 US 116, 134 [87 S Ct 339, 17 L Ed 2d 235] (1966). A statute which fails to draw this distinction impermissibly intrudes upon the freedoms guaranteed by the First and Fourteenth Amendments." (Footnote omitted. Emphasis supplied.)

The Ohio statute struck down in *Brandenburg, supra,* by its terms prohibited mere teaching or advocacy of the use of violence for political ends. The Michigan statute challenged here is limited to inciting, inducing or exhorting criminal acts. Defendant contends, however, that our statute lacks the requirement of imminence imposed by *Brandenburg.* We disagree. The terms used in the statute clearly indicate that it is intended to prohibit only the sort of call to action which the Supreme Court in *Brandenburg* distinguished from mere advocacy. The words "incite, induce or exhort" themselves imply imminence of action. The natural and expected result of incitement, inducement or exhortation is action by the person incited, induced or exhorted. Merely teaching or advocating the necessity of lawlessness, without urging immediate acts of lawlessness, would not fall within the terms of the statute and could not be punished thereunder. It is only conduct such as defendant's—urging the immediate commission of a dangerous felony or misdemeanor—which constitutes inciting, inducing or exhorting and is prohibited by MCLA 750.157b; MSA 28.354(2). *Brandenburg v Ohio, supra,* does not invalidate a narrowly-drawn statute such as the one before us, which proscribes only speech which is clearly within the power of the state to regulate, *Hess v Indiana,* 414 US 105; 94 S Ct 326; 38 L Ed 2d 303 (1973).

Defendant's final claim is that he was improperly bound over. He contends that there was insuf-

ficient evidence of the element of intent to bind him over, and that the trial court made no finding of probable cause. We have reviewed the record and conclude that there was sufficient evidence to establish the element of intent. We also find that the testimony at the preliminary examination showed that there was probable cause to charge defendant with the offense. Although, for purposes of clarity, it would be better for the magistrate to make an express finding of probable cause, no such specific finding is required by the applicable statute, MCLA 766.13; MSA 28.931.

Affirmed.