PEOPLE v DENNIS

Docket No. 63777. Submitted February 7, 1983, at Lansing.—Decided
    August 17, 1983. Leave to appeal applied for.

Linda Dennis was convicted, following a jury trial in Genesee
    Circuit Court, Ollie B. Bivins, Jr., J., of inciting the commission
    of first-degree murder and was given a sentence of life impris-
    onment. The conviction arose out of defendant's seeking to
    induce a police officer posing as a "hit man" to murder her
    husband. Defendant appeals, urging that she could not be
    convicted of inciting the commission of a murder where, as
    here, the person sought to be induced would not be induced to
    commit the murder and the murder would not actually occur
    and that the Legislature did not intend the crime of incitement
    to commit first-degree murder to be punishable by a mandatory
    sentence of life imprisonment. *Held:*

    1. The statutory crime with which defendant was charged
    and convicted is complete upon a defendant's inciting, inducing,
    or exhorting of another to commit one of the stated offenses. It
    is immaterial that the person who is incited, induced, or
    exhorted by the defendant to commit the crime has no intent to
    carry out the defendant's wishes.

    2. The Legislature clearly and unequivocally provided that
    the crime of incitement to commit murder should be punish-
    able by the same sentence as murder itself, a mandatory
    sentence of life imprisonment.

    Affirmed.

1. CRIMINAL LAW — INCITEMENT TO MURDER.

    Conviction of the statutory crime of incitement, inducement, or
    exhortation of another to commit a felony or circuit court
    misdemeanor which would endanger the life of another re-
    quires proof only that the defendant, in fact, incited, induced,
    or exhorted the other person to undertake the act; accordingly,

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] 40 Am Jur 2d, Homicide §§ 564, 567.
[2] 73 Am Jur 2d, Statutes §§ 145, 146, 194.
[3] 73 Am Jur 2d, Statutes § 295.
[4] 40 Am Jur 2d, Homicide § 552.

the crime is complete where the defendant seeks to induce, incite, or exhort the commission of the specified offenses even though the person the defendant seeks to incite, induce, or exhort is a police officer who would not be induced to commit any of the specified offenses (MCL 750.157b; MSA 28.354[2]).

2. STATUTES — JUDICIAL CONSTRUCTION.

Judicial construction of a statute which is subject to two different interpretations seeks to ascertain the Legislature's intent by looking to the purposes and objectives sought to be accomplished by the legislation; however, where the words of a statute are clear and unambiguous, judicial construction based upon legislative intent is neither required nor permitted, since judicial construction under such circumstances would constitute a usurpation of a legislative power by the judiciary.

3. STATUTES — JUDICIAL CONSTRUCTION — CRIMINAL LAW.

Criminal statutes are strictly construed and any ambiguity is resolved in favor of lenity.

4. CRIMINAL LAW — INCITEMENT TO MURDER — SENTENCING.

The Legislature has evidenced a clear intent that the crime of incitement to commit first-degree murder shall be punishable by a mandatory sentence of life imprisonment (MCL 750.157b; MSA 28.354[2]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Appellate Division, for the people.

*Phillip J. Olson, II,* for defendant.

Before: DANHOF, C.J., and V. J. BRENNAN and N. A. BAGULEY,* JJ.

PER CURIAM. After a jury trial, the defendant was found guilty as charged of inciting the commission of first-degree murder, MCL 750.157b; MSA 28.354(2). Defendant was sentenced to a mandatory term of life imprisonment. Defendant appeals as of right.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant was accused of inciting another to murder her husband. The primary evidence against the defendant was a tape-recorded conversation between the defendant and Detective Christman, while Christman was posing as a professional "hit man" named "Moose". Defendant was introduced to "Moose" by Jack Reno, a frequent customer of the defendant's tropical fish store. Reno testified that the defendant had approached him while he was in the defendant's store and had inquired whether he knew anyone who "eliminated" people. Reno subsequently arranged a meeting between "Moose" and the defendant. In her defense, defendant testified that Reno had extorted money from her and had forced her to make the incriminating taped statements.

Defendant raises five claims of error, only two of which we find merit discussion.

Defendant's first claim is that the prosecutor's failure to establish that the incitement was likely to endanger human life requires the reversal of the defendant's conviction. Defendant maintains that, because Detective Christman was a police officer, actual incitement, inducement, or exhortation was not possible and it was impossible for the murder to actually occur. Therefore, the defendant contends, the statutory requirement that the defendant's incitement endanger or be likely to endanger human life cannot be satisfied and, at most, the record could only support a conviction for "attempted incitement, inducement, or exhortation".

MCL 750.157b; MSA 28.354(2) provides:

"Any person who incites, induces or exhorts any other person to unlawfully burn any property, to murder, to kill, to wound or to commit an aggravated or felonious assault on any person or to do any act which

would constitute a felony or circuit court misdemeanor, that may endanger or be likely to endanger the life of any person, or who aids and abets in any such inciting, inducing or exhorting shall be punished in the same manner as if he had committed the offense, incited, induced or exhorted."

We find that the fact that Detective Christman could not actually be incited or induced to commit the crime because he was a police officer is irrelevant. The statute requires only that the defendant seek to induce, incite, or exhort the commission of one of the specified offenses. The possibility of success is immaterial because it is not an element of the offense of inciting another to commit murder. Thus, the defendant's first claim is without merit.

Defendant also claims that the Legislature did not intend to punish the inducement of another to murder by a mandatory term of life imprisonment.

Where a statute is subject to two different interpretations, the Legislature's intent may be found by looking to the purposes and objectives sought to be accomplished by the legislation. *Bennetts v State Employees Retirement Board,* 95 Mich App 616, 622; 291 NW2d 147 (1980). If, however, the words of a statute are clear and unambiguous, judicial construction based on an analysis of legislative intent is neither required nor permitted. *Perry v Sturdevant Mfg Co,* 124 Mich App 11, 15; 333 NW2d 366 (1983), citing *Dussia v Monroe County Employees Retirement System,* 386 Mich 244, 248-249; 191 NW2d 307 (1971).

In *Michigan Harness Horseman's Ass'n v Racing Comm'r,* 123 Mich App 388, 391; 333 NW2d 292 (1983), this Court stated:

"Michigan courts have sometimes castigated the

State Legislature, a coequal branch of government, for producing hasty legislation and crude, ambiguous legislative acts. See, *e.g., Wales v Lyon,* 2 Mich 276, 282 (1851). In interpreting legislation, however, the courts must be careful not to usurp legislative power. See Const 1963, art 3, § 2 (no person exercising powers of one branch of government shall exercise powers properly belonging to another branch). Under modern jurisprudence, therefore, if the wording of a statute is unambiguous, there is no room for courts to attempt to 'construe' it. *Detroit v Redford Twp,* 253 Mich 453, 455; 235 NW 217 (1931); *Pittsfield Twp v Saline,* 103 Mich App 99, 104; 302 NW2d 608 (1982). Where a statute is clear and complete on its face, the courts are not to assume a mistake has been made or that the Legislature inadvertently used one word or phrase instead of another. *Detroit, supra,* p 456. Rather, every word and phrase of the statute should be given meaning and not treated as mere surplusage or rendered nugatory. *Stowers v Wolodzko,* 386 Mich 119, 133; 191 NW2d 355 (1971)."

These principles are apparently directly applicable to criminal statutes, with the caveat that criminal statutes are to be "strictly" construed and any ambiguity is to be resolved in favor of lenity. *People v Saxton,* 118 Mich App 681, 690; 325 NW2d 795 (1982), *lv den* 414 Mich 931 (1982). Here, the statutory language is clear and we find the defendant's argument to be without merit.

We have reviewed the defendant's remaining allegations of error and find them to be without merit.

Affirmed.