PEOPLE v OWENS

Docket Nos. 65896, 65897. Submitted June 29, 1983, at Grand Rapids.
—Decided November 1, 1983.

Thomas C. Owens was charged with two counts of incitement of first-degree murder and two counts of conspiracy to commit first-degree murder. The charges arose out of defendant's attempt to hire a police officer, who was posing as a "hit man", to murder two of his business associates. Following a jury trial in Barry Circuit Court, Richard Robinson, J., defendant was found guilty as charged. Defendant subsequently pled guilty to violation of probation. Defendant appeals. *Held:*

1. While it was error for the trial court to fail to address on the record the question of the effect on the decisional process if the defendant did not testify if impeachment by evidence of prior convictions were permitted, the defendant failed to properly preserve for appeal the question of the trial court's failure to fully articulate the reasons for his decision to permit such impeachment.

2. The failure of the prosecution *to offer any justification for the need for impeachment of the defendant by evidence of prior convictions constituted error requiring reversal and remand for a new trial.*

3. Incitement of second-degree murder is an included offense of incitement of first-degree murder; accordingly, it was error

REFERENCES FOR POINTS IN HEADNOTES

[1, 10] 5 Am Jur 2d, Appeal and Error § 773.

[1, 4, 10] 29 Am Jur 2d, Evidence §§ 320, 321.

[2, 3] 4 Am Jur 2d, Appeal and Error §§ 515-518.

[2] 29 Am Jur 2d, Evidence § 321.

[5-8, 11-14] 40 Am Jur 2d, Homicide §§ 28, 525.

　75 Am Jur 2d, Trial § 615.

　Modern status of law regarding cure of error in instruction as to one offense, by conviction of higher or lessor offense. 15 ALR4th 118.

[7, 13] 40 Am Jur 2d, Homicide § 507.

[8] 75 Am Jur 2d, Trial § 552.

[9] 21 Am Jur 2d, Criminal Law § 578.

[11] 5 Am Jur 2d, Appeal and Error § 815.

for the trial court to fail to charge the jury as to incitement of second-degree murder.

4. Conspiracy to commit second-degree murder is an included offense of conspiracy to commit first-degree murder; accordingly, it was error for the trial court to fail to charge the jury as to conspiracy to commit second-degree murder.

5. Incitement of first-degree murder is a specific intent crime. The trial court's refusal to give the requested specific intent instruction constituted error mandating reversal.

6. The trial court erred in denying defendant's motion for acquittal on the incitement of murder counts, since the prosecution failed to present sufficient evidence that defendant urged immediate commission of the murders.

7. Since defendant at the probation revocation proceedings only admitted that he had been convicted of the crimes and had not admitted the actual commission of the offenses and since there was no other evidence presented at the revocation proceedings which would establish that defendant actually committed the offenses giving rise to the revocation proceedings, reversal of the underlying convictions mandates reversal of the order revoking probation.

Reversed and remanded.

D. F. WALSH, P.J., dissented. He would reverse the incitement to commit first-degree murder convictions on the basis of the trial court's failure to instruct the jury on incitement to commit second-degree murder, but he would remand for entry of judgments of conviction of incitement to commit second-degree murder and for resentencing on those convictions rather than remanding for a new trial. He would hold that none of the other allegations of error require reversal. He would affirm the conspiracy convictions and the revocation of defendant's probation.

### OPINION OF THE COURT

1. TRIAL — PRIOR CONVICTIONS — APPEAL.

A trial judge may in the exercise of discretion exclude reference to a prior conviction record, and it is error to fail to recognize that he has such discretion and, therefore, to fail or to refuse to exercise it.

2. CRIMINAL LAW — IMPEACHMENT — EVIDENCE — PRIOR CONVICTIONS.

The factors to be considered by a trial court in deciding whether to permit impeachment by evidence of prior convictions are: (1) the nature of the prior offense and its relation to the defen-

dant's credibility, (2) whether it is for substantially the same conduct for which defendant is on trial, with closely similar offenses requiring careful examination because of the likelihood of prejudice, and (3) the effect on the decisional process if the defendant refrains from testifying out of fear of impeachment; the reasons for the trial court's decision must be articulated on the record (MRE 609).

3. CRIMINAL LAW — APPEAL — EVIDENCE — PRIOR CONVICTIONS — IMPEACHMENT — PRESERVING QUESTION — RULES OF EVIDENCE.

A defendant must, to preserve the issue of the propriety of a trial court's ruling regarding the admissibility of evidence of the defendant's prior convictions for impeachment: (1) establish on the record that he will in fact take the stand and testify if evidence of his challenged prior convictions is excluded, and (2) sufficiently outline the nature of his testimony so that the trial court, and the reviewing court, can do the necessary balancing contemplated in the rules of evidence (MRE 609).

4. CRIMINAL LAW — EVIDENCE — IMPEACHMENT — PRIOR CONVICTIONS.

The prosecution has the burden of justifying the need for impeachment of a criminal defendant by evidence of prior convictions; failure by the prosecution to make any justification for admission of evidence of prior convictions of a defendant mandates reversal of the defendant's conviction where such evidence is admitted at trial.

5. HOMICIDE — INDUCING MURDER — INCLUDED OFFENSES — JURY INSTRUCTIONS.

A trial court errs reversibly by failing to give an instruction on inducing, inciting, or exhorting second-degree murder in a trial for inducing, inciting, or exhorting someone to kill another person, because a defendant who induces, incites, or exhorts another to commit first-degree murder necessarily is inducing, inciting, or exhorting second-degree murder (MCL 750.157b; MSA 28.354[2]).

6. HOMICIDE — CONSPIRACY TO COMMIT MURDER — INCLUDED OFFENSES — JURY INSTRUCTIONS.

Reversal is mandated where a trial court fails to instruct the jury on conspiracy to commit second-degree murder in a trial for conspiracy to commit first-degree murder, because a defendant who conspires to commit first-degree murder necessarily is conspiring to commit second-degree murder (MCL 750.157a; MSA 28.354[1]).

7. HOMICIDE — INDUCING MURDER — SPECIFIC INTENT — JURY IN-
STRUCTIONS.

The crime of inducing, inciting, or exhorting first-degree murder
is a specific intent crime; accordingly, it is error mandating
reversal for a trial court to fail to instruct the jury that
incitement to commit first-degree murder is a specific intent
crime where such an instruction is requested by the defendant
(MCL 750.157b; MSA 28.354[2]).

8. HOMICIDE — INDUCING MURDER — SPECIFIC INTENT — DIRECTED
VERDICT.

The crime of inducing, inciting, or exhorting first-degree murder
requires proof that the defendant sought to induce, incite, or
exhort the immediate commission of the offense; a directed
verdict of acquittal should be granted as to a charge of incite-
ment to commit first-degree murder where the prosecution's
proofs fail to establish an intent by the defendant that the
murder be committed immediately (MCL 750.157b; MSA
28.354[2]).

9. CRIMINAL LAW — REVOCATION OF PROBATION.

A revocation of probation based upon violation of a criminal law
by the defendant must be set aside where the only evidence
adduced at the revocation hearing establishing a criminal
violation was the admission of the defendant that he had been
convicted of certain criminal offenses and those convictions are
subsequently reversed on appeal.

DISSENT BY D. F. WALSH, P.J.

10. CRIMINAL LAW — EVIDENCE — IMPEACHMENT — PRIOR CONVIC-
TIONS.

*The prosecution has the burden of justifying the need for im-
peachment of a criminal defendant by evidence of prior convic-
tions; however, reversal is not mandated by the failure of the
prosecution to establish such justification where the record
establishes that the trial court did not abuse its discretion in
permitting the impeachment of the defendant by evidence of
prior convictions.*

11. HOMICIDE — INDUCING MURDER — INCLUDED OFFENSES — JURY
INSTRUCTIONS.

*It is error for a trial court to fail to give an instruction on
inducing, inciting, or exhorting second-degree murder in a trial
for inducing, inciting, or exhorting first-degree murder, incite-
ment to commit second-degree murder being an included of-
fense of incitement to commit first-degree murder; the remedy*

*for such failure to instruct is a reversal of the incitement of
first-degree murder conviction and remand for entry of a con-
viction of incitement of second-degree murder and for resen-
tencing on that conviction (MCL 750.197b; MSA 28.354[2]).*

12. HOMICIDE — CONSPIRACY TO COMMIT MURDER — INCLUDED OFFEN-
SES — JURY INSTRUCTIONS.

*The crime of conspiracy to commit second-degree murder does not
exist; accordingly, a trial court's refusal to charge the jury as to
conspiracy to commit second-degree murder is not error (MCL
750.157a; MSA 28.354[1]).*

13. HOMICIDE — INDUCING MURDER — SPECIFIC INTENT — JURY
INSTRUCTIONS.

*The failure of a trial court to give a specific instruction that
incitement to commit first-degree murder is a specific intent
crime does not mandate reversal where the jury is otherwise
instructed that the prosecution must prove that the defendant
intended by his inducement to bring about the commission of
the crime being induced (MCL 750.157b; MSA 28.354[2]; CJI
10:2:01[5]).*

14. HOMICIDE — INDUCING MURDER.

*Proof that the person who a defendant seeks to incite to commit a
murder was actually incited to commit the murder is not
necessary to sustain a conviction of the defendant of the
statutory crime of inducing, inciting, or exhorting the commis-
sion of a murder (MCL 750.157b; MSA 28.354[2]).*

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *Judith H. Hughes,* Pros-
ecuting Attorney, and *Michael A. Nickerson,* As-
sistant Attorney General, for the people.

*David H. Tripp,* for defendant on appeal.

Before: D. F. WALSH, P.J., and R. M. MAHER and
T. ROUMELL,* JJ.

PER CURIAM. Defendant appeals as of right from
his convictions after a jury trial of two counts of
incitement of first-degree murder, MCL 750.157b;

---

* Circuit judge, sitting on the Court of Appeals by assignment.

MSA 28.354(2), and two counts of conspiracy to commit first-degree murder, MCL 750.157a; MSA 28.354(1), and his plea-based revocation of probation for violation of conditions, MCL 771.4; MSA 28.1134. Defendant was sentenced on May 14, 1982, to the mandatory term of life imprisonment without parole as to each count of incitement to murder and conspiracy to murder.

On September 22, 1981, Detective John Fiedler, posing as a "hit man", met with the defendant in the parking lot of a restaurant located in Barry County. The defendant indicated to Fiedler that he wanted Douglas O'Laughlin and Paul DeLassus, his former business partners, killed. The two men met on several other occasions. They agreed that Fiedler would receive $1,000 for each killing, one-half to be paid before the killings and one-half afterwards. However, no money ever changed hands. On October 21, 1981, the two men met for the last time. Defendant introduced Fiedler to Ricky Leon Jones, another of defendant's business partners. At that meeting, Jones told Fiedler that he too wanted O'Laughlin and DeLassus killed. Later that day, defendant and Jones were arrested.

On appeal, defendant raises eleven claims of error, six of which require discussion.

First, the defendant contends that the trial court erred in admitting evidence of his prior convictions for impeachment purposes. Prior to trial, the prosecutor moved for admission of evidence of defendant's earlier convictions for impeachment purposes. The trial court agreed to admit evidence of four convictions.

Evidence of a defendant's prior convictions may be admitted for impeachment purposes in accordance with MRE 609. The trial judge has discre-

tion regarding their admission, and is required to recognize and exercise that discretion on the record. *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974).

The factors the court must consider in deciding whether to admit evidence of prior convictions are:

"(1) the nature of the prior offense (did it involve an offense which directly bears on credibility, such as perjury?), (2) whether it is for substantially the same conduct for which the defendant is on trial (are the offenses so closely related that [there is] danger that the jury will consider the defendant a 'bad man' or infer that because he was previously convicted he likely committed this crime, and therefore create prejudice which outweighs the probative value on the issue of credibility?), and (3) the effect on the decisional process if the accused does not testify out of fear of impeachment by prior convictions (are there alternative means of presenting a defense which would not require the defendant's testimony, *i.e.,* can his side of the story be presented, or are there alternative, less prejudicial means of impeaching the defendant?)." *People v Crawford,* 83 Mich App 35, 39; 268 NW2d 275 (1978).

Under MRE 609, as amended, the reasons for the trial judge's decision must be articulated on the record.

In the instant case, the trial judge did not discuss the third *Crawford* factor. The trial judge, however, could not consider the effect on the decisional process if defendant chose not to testify. The defendant did not inform the judge that he would not be taking the stand until well after the ruling was already made and never informed the judge what the nature of his testimony would be should he take the stand. In order to preserve the issue of the trial court's failure to properly consider this factor, defendant was required to establish that he

would take the stand if evidence of the convictions were not admitted and to outline the nature of his proposed testimony. *People v Casey,* 120 Mich App 690, 695-697; 327 NW2d 337 (1982).

Defendant also argues that the prosecution failed to carry its burden of proving the need for the admission of this evidence. There is a split of authority in this Court as to whether the prosecution has the burden of proving that evidence of prior convictions is admissible. Compare *People v Gary Johnson,* 105 Mich App 332, 338; 306 NW2d 501 (1981), and *People v Crawford, supra* (burden on the prosecution to justify admission) with *People v Steele,* 115 Mich App 758; 321 NW2d 804 (1982), and *People v Huff,* 101 Mich App 232, 250-251; 300 NW2d 525 (1980), *rev'd* 411 Mich 974; 308 NW2d 110 (1981) (burden on the defendant to justify exclusion). We believe that the burden is on the prosecution to justify the admission of evidence of prior convictions. In the instant case, the prosecutor made no effort to justify admission of evidence of defendant's prior convictions. She simply listed the convictions and left to the trial judge the decision of whether to admit evidence of those convictions. Therefore, we reverse defendant's convictions and order a new trial.

Second, defendant argues that the trial judge erred in refusing to instruct the jury regarding the lesser included offenses of incitement to commit and conspiracy to commit second-degree murder and manslaughter.

In every murder prosecution the jury must be instructed with regard to second-degree murder as well as first degree. *People v Jenkins,* 395 Mich 440; 236 NW2d 503 (1975). Instructions upon the elements of both first- and second-degree murder are required in prosecutions for incitement to

murder as well. *People v Richendollar,* 85 Mich App 74, 78-81; 270 NW2d 530 (1978), *lv den* 405 Mich 820 (1979). Therefore, the trial court erred in failing to instruct the jury on incitement to commit second-degree murder. The *Richendollar* analysis does not, however, require that instructions regarding manslaughter also be given, as defendant argues.

Defendant also argues that the same rule should be applied in cases of conspiracy to murder. This Court appears to be divided upon this question. Compare *People v Hence,* 110 Mich App 154, 170-171; 312 NW2d 191 (1981), with *People v Perry,* 115 Mich App 533, 536; 321 NW2d 719 (1982), and *People v Jackson,* 114 Mich App 649, 664-668; 319 NW2d 613 (1982). We believe that the reasoning of *Richendollar* regarding incitement to murder is equally applicable in cases of conspiracy to murder. Thus, the trial court erred in failing to instruct the jury on conspiracy to commit second-degree murder.

Because of the above errors, the defendant's convictions for incitement to commit and conspiracy to commit first-degree murder must be reversed.[1]

Third, defendant argues that the jury should have been instructed that incitement to commit first-degree murder is a specific intent crime.

A person may be convicted of incitement to commit first-degree murder, MCL 750.157b; MSA 28.354(2), when he has engaged in conduct calculated to cause another person to commit first-degree murder. See *People v Chapman,* 80 Mich App 583, 586; 264 NW2d 69 (1978). The defendant must have intended that the crime which he urged

---

[1] These errors, however, do not alone require us to award the defendant a new trial. See *People v Richendollar, supra,* pp 80-81.

would in fact be committed. *People v Shafou,* 416
Mich 113, 122; 330 NW2d 647 (1982) (opinion of
FITZGERALD, C.J.). The trial judge has the duty to
instruct the jury regarding all the elements of the
crime and any material defenses or theories. *People v Reed,* 393 Mich 342, 349-350; 224 NW2d 867
(1975), *cert den* 422 US 1044, 1048; 95 S Ct 2660,
2665; 45 L Ed 2d 696, 701 (1975). In the instant
case defendant requested that the jury be instructed that incitement to commit first-degree
murder was a specific intent crime. Specific intent
may be defined as "the subjective desire or knowledge that the prohibited result will occur". *People v American Medical Centers of Michigan, Ltd,* 118
Mich App 135, 153; 324 NW2d 782 (1982). Before a
defendant may be convicted of incitement to commit first-degree murder, the jury must find that he
intended that the incited crime would actually be
committed. This is a specific intent. The jury,
therefore, should have been instructed that incitement to commit first-degree murder was a specific
intent crime. Defendant's convictions of incitement
to commit first-degree murder should be reversed
upon this ground as well.

Fourth, defendant argues that the trial court
erred in denying his motion for directed verdict.
He asserts that insufficient evidence of imminence
of action and actual incitement was presented at
trial to support his convictions for incitement to
commit first-degree murder.

MCL 750.157b; MSA 28.354(2) provides that anyone "who incites, induces or exhorts any other
person * * * to kill * * * or do any act * * * that
may endanger or be likely to endanger the life of
any person * * * shall be punished in the same
manner as if he had committed the offense incited,
induced or exhorted". This statute was enacted

shortly after Detroit's 1967 riots, and expressed the Legislature's concern regarding "riot-like behavior". *People v Plyler,* 104 Mich App 437, 445; 304 NW2d 859 (1981).

In *Brandenburg v Ohio,* 395 US 444, 447; 89 S Ct 1827; 23 L Ed 2d 430 (1969), the United States Supreme Court held that:

"[T]he constitutional guarantees of free speech and free press do not permit a State to forbid or proscribe advocacy of the use of force or of law violation except where such advocacy is directed to inciting or producing imminent lawless action and is likely to incite or produce such action."

This Court held in *People v Chapman, supra,* 80 Mich App 587-588, that MCL 750.157b; MSA 28.354(2) is consistent with *Brandenburg.* The statute is intended to prohibit only a call to immediate action "urging the immediate commission of a dangerous felony or misdemeanor". 80 Mich App 588.

Under these standards the trial judge erred in denying defendant's motion for directed verdict. The prosecution did not present sufficient evidence that the defendant urged imminent action to justify a trier of fact in reasonably concluding that defendant was guilty beyond a reasonable doubt of incitement of first-degree murder. *People v Hampton,* 407 Mich 354, 368; 285 NW2d 284 (1979), *cert den* 449 US 885; 101 S Ct 239; 66 L Ed 2d 110 (1980). The defendant did not urge Fiedler to commit the murders immediately. In fact, he agreed that Fiedler would not perform the killings until Fiedler was paid one-half of his fee, and defendant never paid Fiedler that money. In addition, defendant gave Fiedler neither the schedules nor photographs of the intended victims. We con-

clude that the evidence was not sufficient to withstand defendant's motion for directed verdict.

Fifth, defendant argues that there was insufficient evidence of real incitement on the part of the "hit man". He asserts that the proposed killer's actual intent to carry out the murder is an element of the crime of incitement.

In a recent decision, the Supreme Court attempted, with little success, to answer the question whether the statute requires proof of an overt act and that the third party was in fact incited. *People v Shafou, supra,* 416 Mich 113. The equally divided Court affirmed this Court's unpublished per curiam opinion in which it was held that an overt act was an element of the crime. Chief Justice FITZGERALD found, in an opinion joined by Justices WILLIAMS and COLEMAN, that only an overt act by the defendant himself was required for an incitement conviction. 416 Mich 121. No proof of any acts or intent to commit a crime on the part of the incited individual was necessary. 416 Mich 122. He also found that a charge of attempted incitement would lack "the required element of imminence to be constitutionally permissible". 416 Mich 123. Justice LEVIN, in an opinion joined by Justice RYAN, held that MCL 750.157b; MSA 28.354(2) was a "special kind of accomplice statute". 416 Mich 132. He would require that the incited offense actually have been committed before liability could be imposed. 416 Mich 126. Justice KAVANAGH would find that there must be some proof of actual incitement before a conviction would be proper under the statute. 416 Mich 147-148.

In the instant case, there was of course no evidence of actual incitement. Fiedler never had any intention of carrying out the proposed murders. However, in view of the confused state of the

law in this area and the fact that other grounds for reversal exist, we do not decide the question whether defendant's motion for directed verdict and to quash the information should have been granted because of the absence of such evidence.

Finally, defendant maintains that his revocation of probation must be reversed. Where revocation of probation is sought based on a violation of the criminal law, there must be sufficient proof for a finding by the preponderance of the evidence that the defendant committed the offense. *People v Tebedo,* 107 Mich App 316, 320-321; 309 NW2d 250 (1981). Probation may be revoked before the trial on the offense, and the revocation may be valid even if the defendant is acquitted of the crime. 107 Mich App 321. Where defendant is convicted, but his conviction is reversed on appeal, the probation revocation need not be reversed if

"(1) at the revocation hearing defendant admitted facts sufficient to establish by a preponderance of the evidence that he committed the offense, or (2) if testimony is presented at the revocation hearing which meets this same standard". 107 Mich App 322.

In the instant case defendant admitted only that he had been convicted of the offenses. No other testimony was presented. Since his convictions are to be reversed, defendant's probation revocation must be reversed as well.

The other issues raised by defendant are without merit.

Reversed and remanded for proceedings consistent with this opinion.

D. F. WALSH, P.J. *(dissenting).* Respectfully, I dissent.

The majority first finds that each of defendant's

convictions must be reversed because the prosecuting attorney "simply listed [defendant's prior] convictions and left the decision whether to admit them to the trial judge".

I agree with the majority that the prosecution has the burden of proving that evidence of prior convictions is admissible. It is the function of the reviewing court, however, to examine not how vigorously the prosecuting attorney sought admission of the evidence, but rather whether the trial court abused its discretion in admitting the evidence. *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974).

In my judgment, there was no abuse of discretion in the trial court's ruling in this case. Clearly recognizing the discretionary nature of the issue, the court ruled that evidence of only four of defendant's eleven prior convictions was admissible: a 1971 burglary conviction, a 1973 grand larceny conviction, a 1976 falsification conviction, and a 1980 nonsufficient funds check conviction. Those convictions are not similar to the crimes with which defendant was charged, and each bears significantly on credibility. See *People v Crawford,* 83 Mich App 35, 39; 268 NW2d 275 (1978). I find no reversible error in admission of this evidence.

Second, the majority finds error in the trial court's refusal to instruct the jury on incitement to commit second-degree murder and conspiracy to commit second-degree murder.

I agree with the majority that the trial court should have granted defendant's request for a jury instruction on incitement to commit second-degree murder, since I am persuaded that that offense is necessarily included in the offense of incitement to commit first-degree murder. *People v Richendollar,* 85 Mich App 74; 270 NW2d 530 (1978), *lv den* 405

Mich 820 (1979). See *People v Adams,* 416 Mich 53; 330 NW2d 634 (1982). I, therefore, would reverse defendant's incitement convictions and would remand for entry of judgments of conviction of incitement to commit second-degree murder and for resentencing on those convictions.[1]

I find no error, however, in the court's refusal to instruct on conspiracy to commit second-degree murder. I am persuaded that there is no crime of conspiracy to commit second-degree murder. *People v Hamp,* 110 Mich App 92; 312 NW2d 175 (1981); *People v Jackson,* 114 Mich App 649; 319 NW2d 613 (1982), *lv gtd* 417 Mich 885 (1983); *People v Perry,* 115 Mich App 533; 321 NW2d 719 (1982), *remanded on other grounds* 417 Mich 908; 330 NW2d 852 (1983).

The majority next finds reversible error in the trial court's failure to instruct the jury that incitement to commit first-degree murder is a specific intent crime.

I agree with the majority that incitement to commit first-degree murder is a "specific intent" crime in that the accused must have intended that the crime urged be in fact committed. *People v Shafou,* 416 Mich 113, 122; 330 NW2d 647 (1982) (opinion of FITZGERALD, J.).

In this case, however, the jury was instructed that the prosecution was required to prove that defendant intended by his urging to bring about the commission of the crime urged. CJI 10:2:01(5). In my judgment, the jury was thus correctly advised of the intent element of the offense of incitement.

---

[1] I note that the Supreme Court has granted leave to appeal in *People v Snyder,* 417 Mich 1039 (1983), to consider whether the Legislature intended the crime of incitement to commit first-degree murder to be punishable by mandatory life imprisonment and, if so, if such punishment constitutes cruel and unusual punishment or a denial of equal protection of the laws.

Fourth, the majority holds that the trial court erred in denying defendant's motion for directed verdict on the incitement charges since there was not sufficient evidence "that the defendant urged imminent action". Again, I disagree.

In my judgment, there was sufficient evidence that defendant incited, induced, or exhorted another to commit a crime; the constitutionally required "imminence of action" was, therefore, proved. *People v Chapman,* 80 Mich App 583, 588; 264 NW2d 69 (1978). Defendant's conduct cannot be fairly characterized as mere abstract advocacy of lawlessness. See *Brandenburg v Ohio,* 395 US 444; 89 S Ct 1827; 23 L Ed 2d 430 (1969).

The majority does not resolve the issue of whether evidence of the "hit man's" actual intent to carry out the urged crimes was required to support defendant's convictions of incitement. In my judgment, such evidence is not required. *People v Shafou,* 416 Mich 113, 122; 330 NW2d 647 (1982) (opinion of Justice FITZGERALD); *People v Dennis,* 128 Mich App 235; 340 NW2d 81 (1983).[2]

And finally, based on my resolution of the foregoing issues, I vote to affirm revocation of defendant's probation.

---

[2] See *People v Rehkopf,* 417 Mich 1040 (1983), where the Supreme Court has granted leave to appeal, limited to the issue of whether the inciting must have occurred under circumstances that would be likely to produce the result incited.