PEOPLE v VANDELINDER

Docket No. 127685. Submitted October 3, 1991, at Grand Rapids.
Decided January 21, 1992, at 9:00 A.M. Leave to appeal sought.

Steven C. Vandelinder was convicted by a jury in the Montcalm
Circuit Court, Charles W. Simon, Jr., J., of solicitation to
commit murder, solicitation to commit kidnapping, and solicita-
tion to commit first-degree criminal sexual conduct. After
pleading guilty of being a second-felony offender, he was sen-
tenced to concurrent prison terms of 40 to 60 years for the
conviction of solicitation to commit murder and 5 to 7½ years
for each of the other two convictions. The defendant appealed.

The Court of Appeals *held:*

1. A conditional threat to kill is sufficient to support a
conviction of solicitation to commit murder. The crime of
solicitation to commit murder occurs when the solicitor pur-
posely seeks to have someone killed and tries to engage some-
one to do the killing. Solicitation is complete when the solicita-
tion is made. A contingency in the plan may affect whether the
victim will be murdered, but does not change the solicitor's
intent that the victim be murdered. There was sufficient evi-
dence in this case of the defendant's specific intent that the
victim be murdered.

2. The defendant's three convictions and sentences, resulting
from a single conversation between the defendant and an
undercover policeman, do not constitute multiple punishments
for the same offense. The evidence established distinct motives
for each of the three crimes solicited during the single conver-
sation. Therefore, the double jeopardy protections of the United
States and Michigan Constitutions were not violated.

3. Evidence of the defendant's two prior assaults of the victim
was admissible to show his motive and intent. The trial court's
misidentification of the grounds for the admission of the evi-
dence does not require reversal of the decision. Regardless of
whether this evidence was more prejudicial than probative, a
matter not decided by the trial court, its admission was harm-

REFERENCES
Am Jur 2d, Criminal Law §§ 161, 162, 244; Homicide §§ 564, 567.
What constitutes attempted murder. 54 ALR3d 612.

less in light of the overwhelming evidence of the defendant's guilt.

4. The forty- to sixty-year sentence for the conviction of solicitation to commit murder was not an abuse of discretion. The sentence does not violate the holding in *People v Moore*, 432 Mich 311 (1989), because, without considering possible disciplinary credits, the defendant will be seventy-eight years old upon serving his minimum sentence. The sentence, enhanced by a second-felony conviction, is proportionate to the seriousness of the circumstances surrounding the offense and the offender. The Legislature intended to punish solicitation to commit murder as if it were attempted murder. Therefore, the defendant's contention that the sentence is excessive because this was an inchoate offense and because the supposed killer, an undercover police officer, would never have carried out the act is without merit.

5. The judgment of sentence must be corrected on remand to reflect jail credit of fifty-four days for each conviction.

Affirmed and remanded.

1. CRIMINAL LAW — SOLICITATION TO COMMIT A FELONY — SPECIFIC INTENT.

Solicitation to commit a felony is a specific intent crime, requiring proof that the defendant intended that the solicited crime would in fact be committed (MCL 750.157b; MSA 28.354[2]).

2. CRIMINAL LAW — HOMICIDE — SOLICITATION TO COMMIT MURDER — CONTINGENCIES.

The crime of solicitation to commit murder occurs when the solicitor purposely seeks to have someone killed and tries to engage someone to do the killing; the crime is complete when the solicitation is made; a contingency in the plan may affect whether the victim will be murdered, but does not change the solicitor's intent that the victim be murdered (MCL 750.157b, 750.316, 750.317; MSA 28.354[2], 28.548, 28.549).

3. CRIMINAL LAW — DOUBLE JEOPARDY — SOLICITATION TO COMMIT A FELONY.

The Legislature's intent in enacting the statute prohibiting solicitation to commit a felony was to punish solicitation according to the nature of the crime solicited; therefore, where evidence shows that a defendant had distinct motives for each of the three crimes solicited in a single conversation with the person solicited, separate sentences for convictions of each of the three crimes does not constitute multiple punishment for the same offense (MCL 750.157b; MSA 28.354[2]).

4. CRIMINAL LAW — SOLICITATION TO COMMIT MURDER — ATTEMPTED
   MURDER.

   The intent of the Legislature in enacting the statute prohibiting
   solicitation to commit murder was to punish the solicitation to
   commit murder as if it were an attempted murder (MCL
   750.157b, 750.316, 750.317; MSA 28.354[2], 28.548, 28.549).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Bruce E. Basom,* Prosecuting Attorney, and *J. Ronald Kaplansky,* Assistant Attorney General, for the people.

State Appellate Defender (by *P. E. Bennett*), and Steven C. Vandelinder, in propria persona.

Before: DANHOF, C.J., and SULLIVAN and NEFF, JJ.

SULLIVAN, J. A jury convicted defendant of three counts of solicitation, MCL 750.157b; MSA 28.354(2), to commit the following felonies: murder, MCL 750.316 and 750.317; MSA 28.548 and 28.549; kidnapping, MCL 750.349; MSA 28.581; and first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2). After defendant pleaded guilty of being a second-felony offender, MCL 769.10; MSA 28.1082, the court sentenced him to concurrent prison terms of 40 to 60 years for solicitation to murder, and 5 to 7½ years for each of the other two counts. Defendant appeals as of right, raising issues of first impression regarding the solicitation statute. He also claims certain trial errors, including the admission of evidence of his prior assaults on his wife, the intended victim of the solicitations. Finally, he challenges the length of his sentence for solicitation to murder. We affirm.

The charges arose out of defendant's offer to an undercover police officer to pay $1,000 for the

kidnapping, rape, and possible murder of his estranged wife. Defendant's alternative aims were either to reconcile with his wife or to get rid of her. He told the supposed kidnapper to videotape several people raping the victim in order to have some leverage against her if she agreed to his demands to reconcile on his terms. In the event she did not agree, the kidnapper was to kill the victim.

Defendant first claims that a conditional threat to kill is insufficient to support a conviction of solicitation to murder. He argues that there was no evidence of the specific intent to kill because the evidence, when viewed in the light most favorable to the prosecutor, showed that he told the kidnapper to kill the victim only if she did not accede to defendant's demands. We disagree.

Solicitation to commit a felony is a specific intent crime, requiring proof that the defendant intended that the solicited crime would in fact be committed. *People v Owens,* 131 Mich App 76, 84-85; 345 NW2d 904 (1983), vacated and remanded on other grounds 430 Mich 876 (1988). *Owens* was decided under the incitement statute that the solicitation statute replaced. House Legislative Analysis, HB 5066, First Analysis, February 20, 1986. The amended statute requires the same specific intent. See CJI2d 10.6, commentary; La-Fave & Scott, Criminal Law (2d ed), § 6.1(c), pp 489-490.

The crime of solicitation to commit murder occurs when the solicitor purposely seeks to have someone killed and tries to engage someone to do the killing. *People v Bottger,* 142 Cal App 3d 974, 981; 191 Cal Rptr 408 (1983). Solicitation is complete when the solicitation is made. *Id.* A contingency in the plan affects whether the victim will be murdered, but does not change the solicitor's

intent that the victim be murdered. *People v Miley,* 158 Cal App 3d 25, 34; 204 Cal Rptr 347 (1984). A defendant cannot avoid conviction for solicitation merely because his intended victim may save herself from death as the result of some circumstance entirely beyond the defendant's control. *Id.*

Michigan courts have recognized the concept of conditional assault, that is, that threats with a show of force and an unlawful condition constitute sufficient evidence from which a jury could infer intent to injure. *People v Joeseype Johnson,* 407 Mich 196, 245; 284 NW2d 718 (1979) (opinion by LEVIN, J.); *People v Carlson,* 160 Mich 426, 429; 125 NW 361 (1910). Defendant relies on two cases to the contrary. *State v Irwin,* 55 NC App 305; 285 SE2d 345 (1982); *State v Kinnemore,* 34 Ohio App 2d 39; 295 NE2d 680 (1972). These cases represent the minority view. Generally, a qualified threat or conditional intent is sufficient to establish assault with intent to kill. *People v Connors,* 253 Ill 266, 274-281; 97 NE 643 (1912); 40 Am Jur 2d, Homicide, § 571, p 833; LaFave & Scott, *supra,* § 3.5(d), pp 222-223.

The evidence in this case showed that defendant solicited the undercover officer to kill his wife if she did not agree to conditions that defendant had no right to impose. This was sufficient evidence of his specific intent that the victim be murdered. Defendant testified to his secret intent to abandon the plan. That, however, presented a question for the jury. *People v Doud,* 223 Mich 120, 124-125; 193 NW 884 (1923).

Defendant also claims that his three convictions and sentences were multiple punishments for the same offense, violating his double jeopardy protections under the United States and Michigan Con-

stitutions. US Const, Ams V, XIV; Const 1963, art 1, §§ 15, 17.

The double jeopardy guarantee protects defendants against successive prosecutions for the same offense and multiple punishments for the same offense. *Missouri v Hunter,* 459 US 359, 366; 103 S Ct 673; 74 L Ed 2d 535 (1983). This case involves only the multiple punishments protection. Where multiple punishment is involved, the Double Jeopardy Clause acts as a restraint on the prosecutor and the courts, not the Legislature. *People v Robideau,* 419 Mich 458, 469; 355 NW2d 592 (1984). A claimed violation of the constitutional protection against double jeopardy based on multiple punishment grounds is appropriately resolved by ascertaining and enforcing the intent of the Legislature. *People v Bewersdorf,* 438 Mich 55, 73; 475 NW2d 231 (1991). This aspect of the Double Jeopardy Clause protects the defendant's interest in not enduring more punishment than was intended by the Legislature. *People v Whiteside,* 437 Mich 188, 200; 468 NW2d 504 (1991), cert den — US —; 112 S Ct 249; 116 L Ed 2d 204 (1991). Our review is limited to whether the Legislature intended multiple punishments in order to address distinctly different evils. *People v Sturgis,* 427 Mich 392, 409; 397 NW2d 783 (1986); *People v Wilson,* 180 Mich App 12, 16; 446 NW2d 571 (1989).

This question has arisen in other jurisdictions where a defendant solicited crimes against more than one person in a single conversation. In *Meyer v State,* 47 Md App 679; 425 A2d 664 (1981), cert den 454 US 865 (1981), the defendant solicited an undercover officer to kill his wife, a witness to a prior crime, and two police officers. The Maryland court found no other reported decisions on this issue. The court held that the question whether there is but one solicitation or several depends

upon the circumstances. *Id.* at 689. The question is whether the court can find from the facts of a given case sufficient evidence to show separate criminal solicitations based on distinct incitements. *Id.* California's Court of Appeals followed *Meyer,* stating that it could not set forth a definitive test by which to determine in every case whether there has been only a single solicitation. *People v Cook,* 151 Cal App 3d 1142, 1146; 199 Cal Rptr 269 (1984).

We agree with the case-by-case approach adopted in *Meyer* and *Cook.* In this case, defendant argues that the evidence shows at most a single plan and a single incitement, even though that plan may have included violations of several laws. Although the solicitation took place in a single conversation, with one solicitor and one solicitee, that does not necessarily give rise to only one solicitation. *Meyer, supra* at 689. The Legislature intended to punish solicitation according to the nature of the crime solicited. House Legislative Analysis, *supra.* The evidence showed that defendant had distinct motives for each of the three crimes. He wanted to kidnap and frighten his wife in order to coerce her to return. He wanted to have videotapes of multiple rapes, apparently for the alternative purposes of continuing leverage over her if she survived or for his own use if she were murdered. He wanted to kill her for her refusal to accept his conditions and to eliminate her as a witness in regard to his sentencing for the prior assault. Consolidation of these charges might have been proper. See *Miley, supra* at 31, n 4. It was not, however, mandatory, and these separate sentences do not constitute multiple punishments for the same offense.

Defendant also claims that he is entitled to a new trial because of the erroneous admission of

evidence of his two prior assaults on the victim, one of which included a threat to kill her and the other of which involved criminal sexual conduct. We agree that the trial court erred in allowing the testimony on the ground that it would come in through references to it during the taped conversation between defendant and the undercover police officer. A trial court's misidentification of the grounds for admission of evidence does not, however, necessarily require overturning its decision to allow it. *People v Engelman*, 434 Mich 204, 223, n 27; 453 NW2d 656 (1990).

The evidence was admissible to show defendant's motive and intent. *People v Doyle (On Remand)*, 129 Mich App 145, 151; 342 NW2d 560 (1983). The trial court did not decide whether it was more prejudicial than probative. MRE 404(b); *Engelman, supra* at 213-214. We believe that even if the prejudicial effect of the evidence outweighed its probative value, its admission was harmless in light of the overwhelming evidence of defendant's guilt. *People v Robinson*, 386 Mich 551, 563; 194 NW2d 709 (1972); *People v Oswald (After Remand)*, 188 Mich App 1, 8; 469 NW2d 306 (1991).

Defendant also claims that his forty- to sixty-year sentence for solicitation to murder was excessive. We find no abuse of discretion in the sentence. Without considering possible disciplinary credits, defendant will be seventy-eight years old upon serving his minimum sentence. This sentence does not violate the holding of *People v Moore*, 432 Mich 311; 439 NW2d 684 (1989). *People v Redman*, 188 Mich App 516, 518; 470 NW2d 676 (1991). There is no merit in defendant's contention that the sentence is excessive because this was an inchoate offense and because the supposed killer would never have carried out the act. The Legislature intended to punish solicitation to murder as if

it were an attempt. House Legislative Analysis, *supra*. In this case, the conduct defendant characterizes as a mere conditional threat to kill was characterized by the trial judge as "extreme possessiveness to the point that death [was] the only alternative" if defendant's wife refused to return on his terms. The sentence, enhanced by a second-felony conviction, was proportionate to the seriousness of the circumstances surrounding the offense and the offender. *People v Milbourn,* 435 Mich 630, 636; 461 NW2d 1 (1990).

We agree with defendant's contention that the judgment of sentence must be corrected to reflect jail credit of fifty-four days for each conviction. After thorough review of the record, we find no merit in defendant's remaining claims of error.

Affirmed and remanded for correction of judgment of sentence.